Hazel Gladys ADAMS, Appellant,

v.

CARTER COUNTY MEMORIAL HOSPITAL and Dr. W. G. Frost, Appellees.

Supreme Court of Tennessee.

March 14, 1977.

**308**

Thomas E. Cowan, Jr., Tucker, Cowan & LaPorte, Elizabethton, for appellant.

J. Paul Coleman, Herndon, Coleman, Brading & McKee, James A. Weller, Weller & Miller, Johnson City, for appellees.

## OPINION

BROCK, Justice.

This is an action by a widow for damages for the alleged wrongful death of her husband who committed suicide while a patient in defendant hospital and under the care and treatment of defendant physician, Frost. The injuries resulting in death occurred on February 11, 1973, when plaintiff's husband plunged down a staircase at the hospital. Complaint in this action was filed on February 8, 1974. Summons was issued and served on the defendant hospital on February 8, 1974, but the summons for defendant Frost, although it purports to have been issued on February 8, 1974, was not receipted for, nor served and returned by the sheriff, until August 14, 1974.

Both defendants filed motions to dismiss the complaint for failure to state a claim upon which relief may be granted. The trial judge granted these motions. Defendant Frost also moved to quash the summons and to dismiss the action as to him, contending that the action was not lawfully commenced as to him because the plaintiff did not "prosecute and continue the action" as required by law, so that, the service of process upon him on August 14, 1974, was wholly ineffective, and that the statute of limitations of one year had run. The trial judge also sustained this motion.

When the trial judge indicated his conclusion that the complaint failed to state a claim, the plaintiff moved to amend by adding an appropriate allegation relying upon the wrongful death statutes, T.C.A. § 20–607, et seq. The trial judge denied this motion to amend, stating that "there was nothing to amend to state such a cause of action." Plaintiff has appealed to this Court, assigning error with respect to each of these actions of the trial judge.

■ The trial court erred in granting the motions to dismiss the complaint for failure to state a claim upon which relief may be granted. The complaint contained detailed averments of malpractice against each defendant and alleged that these breaches of duty proximately caused the death of their patient, the plaintiff's husband. It thus stated a cause of action under well settled rules of liability in such cases. *Haskins v. Howard,* 159 Tenn. 86, 16 S.W.2d 20 (1929); *Osborne v. Frazor,* 58 Tenn.App. 15, 425 S.W.2d 768 (1968); *James v. Turner,* 184 Tenn. 563, 201 S.W.2d 691 (1941); *Rural Education Assoc. v. Anderson,* 37 Tenn.App. 209, 261 S.W.2d 151 (1953); Schwartz, "Civil Liability for Causing Suicide," 24 Vand.L. Rev. 217 (1971).

■ A short and plain statement of the claim showing that the pleader is entitled to relief, along with a demand for damages is all that is now required. Rule 8.01, Tenn.R.

C.P. It was not necessary that plaintiff expressly refer to her reliance upon the wrongful death statutes, T.C.A. § 20–607, et seq. *Parsons v. Am. Trust & Banking Co.,* 168 Tenn. 49, 73 S.W.2d 698 (1934). Plaintiff does not rely upon the violation of any statute as the basis of her cause of action; hence, Rule 8.05(1), Tenn.R.C.P., does not apply. In any event, the allegations of the complaint were sufficient. Indeed, neither the order of dismissal nor the motions to dismiss point out any alleged particular deficiency of the complaint.

■ The trial court further erred in denying plaintiff's motion to amend. Rule 15.01, Tenn.R.C.P., provides that "a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served." Under this provision, the plaintiff clearly had the right to amend without leave of court since no responsive pleading to the complaint had been served. A motion is not such a responsive pleading. *Kroger Co. v. Adkins Transfer Co.,* 284 F.Supp. 371 (M.D.Tenn.1968), aff'd 408 F.2d 813 (6th Cir. 1969); *Blazon, Inc. v. DeLuxe Game Corp.,* 268 F.Supp. 416 (S.D.N.Y. 1965); *Hanraty v. Ostertag,* 470 F.2d 1096 (10th Cir. 1972); *Sohns v. Dahl,* 392 F.Supp. 1208 (W.D.Va.1975); *Porter v. Montaldo's,* 71 F.Supp. 372 (S.D.Ohio 1946); 35 C.J.S. Factors § 1 et seq., p. 494 et seq.

The action of the trial court in quashing the service of process upon defendant Frost and dismissing the action as to him was correct; but, the further action of the court in holding that the statute of limitations of one year bars any further proceedings against defendant Frost was error. In considering this question, we must accept the facts as they appear in the technical record

since the plaintiff failed to preserve the evidence by a bill of exceptions.

■ Summons was issued for defendant Frost on February 8, 1974, the day the complaint was filed, but was not receipted for by the sheriff until August 14, 1974, on which date it was also served and returned. Without a bill of exceptions, we have no explanation for the delay in receiving, serving and returning the writ. It is clear, however, that the efficacy of this summons terminated upon the expiration of thirty days next following its issuance on February 8, 1974. Rule 4.03, Tenn.R.C.P.[1] Thus, there could be no valid service of that summons after March 10, 1974, so that, the purported service upon defendant Frost on August 14, 1974, was ineffective and was properly quashed by the trial judge.

■ The Rules plainly contemplate that a summons will be either served within thirty days after its issuance or returned unserved promptly at the end of that period of time. They contain no express provision to govern the situation presented here, in which the summons is neither served nor returned unserved at the end of the thirty day period. Nevertheless, the plaintiff cannot sit idly by when confronted with such a situation. We hold that when the summons is not returned at the end of thirty days following its issuance, the plaintiff must apply for and obtain issuance of new process within six months, or recommence the action within one year, of the end of said thirty days period in order to preserve the original commencement of the action as a bar to the running of a statute of limitations.[2]

Applying Rules 3 and 4, Tenn.R.C.P., as thus construed, to the case at bar, the plain-

1. "4.03. *Summons—Return.—*

"The person serving the summons shall promptly and within the time during which the person served must respond, make proof thereof to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within 30 days after its issuance, it shall be returned with the reasons for the failure to serve stated thereon. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, after

any prior summons has been returned unserved."

2. "RULE 3. COMMENCEMENT OF ACTION

"All civil actions are commenced by filing a complaint with the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved; but if the process is returned unserved, plaintiff, if he wishes to rely upon the original commencement as a bar to the running of a statute of limitations, must either prosecute

**310**

tiff could have applied for and obtained issuance of a new summons up to and including September 10, 1974; but, since this was not done, the instant action became subject to abatement and was properly dismissed by the trial court.

■ Nevertheless, it was error for the trial court to hold that further action against defendant Frost was barred by the statute of limitations of one year from the date of injury. That determination of the court was premature. Plaintiff may timely recommence the action against defendant Frost by filing a new complaint any time within one year of the entry of judgment of this Court affirming the order of dismissal of the trial court. T.C.A. § 28–106.[3] This statute applies since the original action was timely filed and is being dismissed upon a ground not concluding the plaintiff's right of action. *W. R. Grace & Co. v. Taylor,* 55 Tenn.App. 227, 398 S.W.2d 81 (1965).

The judgment of the trial court dismissing the action against Carter County and the City of Elizabethton[4] is reversed and the cause remanded for further proceedings. The judgment quashing the service of process upon defendant Frost and dismissing the action against him is affirmed, but insofar as the judgment purports to hold that further efforts to proceed against defendant Frost are barred by the statute of limitations, it is reversed. Costs of appeal are taxed equally against plaintiff and defendants, Carter County and City of Elizabethton.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.

---

and continue the action by applying for and obtaining issuance of new process from time to time, each new process to be obtained within six months from return unserved of the previous one, or plaintiff must recommence the action within one year after the return of the initial process not served." Rule 3, Tenn.R. C.P.

3. *"New action after adverse decision not fore-closing merits.*—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is ren-

dered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest." T.C.A. § 28–106.

4. By permission of the trial court, these political entities were substituted as defendants in place of Carter County Memorial Hospital.