Russell CROSSLIN, Petitioner,

v.

John G. ALSUP d/b/a Homestead Realty
Company, Respondent.

Supreme Court of Tennessee.

Feb. 11, 1980.

Scott Daniel, D. Russell Thomas, Murfreesboro, for petitioner.

William H. Woods, John B. Carlson, Goodpasture, Carpenter & Woods, Nashville, for respondent.

## OPINION

HENRY, Justice.

This is an action for personal injuries sustained when petitioner walked into a plate glass window next to a doorway in respondent's office building. Two questions are presented: (1) the necessity of a motion for a new trial to review the action of the trial court in directing a verdict, and (2) the sufficiency of the evidence. The Court of Appeals held a motion for a new trial to be necessary and the failure to make such a motion precluded review. Then the court "informally examined" the record and made certain findings.

I.

*The Necessity of a Motion for a
New Trial*

Rule 50.05, Tennessee Rules of Civil Procedure, provides the answer in unmistakable language:

Whenever a court shall have granted a directed verdict, it shall *not be necessary* for the party against whom the verdict was directed *to file a motion for a new trial* in order to obtain appellate review of such action of the court. (Emphasis supplied).

It was the purpose of this rule to eliminate a "technical in the extreme" requirement from previous practice, one that had no reasonable basis and which served needlessly to delay and prolong litigation. (See Committee Comment.)

In holding a motion for a new trial to be necessary, the Court of Appeals relied upon four cases. Three of them were decided in 1906, 1915 and 1917, respectively. The holdings in these cases were made obsolete by the adoption of the Rules of Civil Procedure in 1970, effective January 1, 1971. The fourth case, *Rupe v. Durkin Durco, Inc.,* 557 S.W.2d 742, (Tenn.App.1976), was cited for the proposition that

the appellate courts will closely scrutinize any procedural rule which abrogates the necessity for a motion for a new trial in a jury case.

We reject this holding. Certiorari was not applied for in *Rupe* and we are not bound by a conclusion reached by the Court of Appeals.

■ The rules governing practice and procedure in the trial and appellate courts of Tennessee were promulgated by joint action of the General Assembly and the Supreme Court. They have the force and effect of law.

## II.

### Sufficiency of the Evidence

After holding that the failure to move for a new trial precluded review of *all* assignments of error, the Court of Appeals held that "[i]n spite of the foregoing, the record has been *informally examined.* . . ."

An informal examination of the record is unknown to the appellate judicial process. It is a patent nullity and an idle gesture.

■ The effect of the holding that review was precluded by failure to move for a new trial was to render the ensuing review dicta. We, therefore, have nothing before the Court from the Court of Appeals on the sufficiency question. We may only review the proof in accordance with the usual rules relating to directed verdicts and without regard to the "informal" review of the Court of Appeals.

■ Those rules require that the trial judges and the appellate courts take the strongest legitimate view of the evidence in favor of the petitioner, allow all reasonable inferences in his favor, discard all countervailing evidence and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence. A verdict should be directed only where a reasonable mind could draw but one conclusion. *Holmes v. Wilson,* 551 S.W.2d 682 (Tenn. 1977).

■ Even when tested by this liberal rule, plaintiff's case must fall. The proof shows that this building is entered through a plate glass doorway. There are two thirty (30) inch doors in the center with a single nineteen and three quarters (19¾) inch glass on either side. On the outside of each door there was a conspicuous handle or pull. On the inside of each was a metal push bar.

Plaintiff entered the building upset and agitated because of an adverse credit rating about which he had come to complain. He paid little or no attention to the doorway assembly or structure. He got his credit rating straightened out to his satisfaction and left somewhat elated because of this. He was preoccupied going in and coming out and gave the doorway little or no attention either time. The door assembly was well marked; it was broad open daylight; there was nothing to obstruct his view. Carelessly, he simply walked into a window or glass 19¾ inches wide at most, an area so small that to have treated it as an opening it would have been necessary to turn sideways in order to walk through it. This is a conventional doorway assembly with metal framing—apparently aluminum—around each door. All was in plain view.

This plaintiff's injuries came as a direct result of his own inattention; he was contributorily negligent as a matter of law.

We reverse the Court of Appeals and sustain the Trial Judge.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concurring.