Hattie LITTLE, Appellant,

v.

Louis Alfred FRANCESCHINI, III, Appellee.

Court of Appeals of Tennessee, Western Section at Jackson.

Jan. 16, 1985.

Permission to Appeal Denied by Supreme Court April 1, 1985.

Leonard V. Hughes, Memphis, for appellant.

Michael Richards, Memphis, for appellee.

HIGHERS, Judge.

On October 20, 1981, the plaintiff, Hattie Little, was struck by an automobile driven by the defendant, Louis Alfred Franceschini, III, and she filed suit for personal injuries on September 13, 1982. A docket entry was made in the office of the Circuit Court Clerk in Shelby County showing that there was personal service upon the defendant on September 16, 1982. More than six months thereafter, the plaintiff learned that there had been no service and that there was, in fact, a return of "not to be found." No additional process had been issued.

On February 20, 1984, the plaintiff entered a voluntary dismissal of the action. On that same date, the plaintiff filed a new complaint alleging the same cause of action. The defendant filed a motion to dismiss the plaintiff's complaint for the reason that it was barred by the applicable one year statute of limitations pertaining to actions for personal injuries. The defend-

ant relied upon Rule 3, T.R.Civ.P., and the plaintiff argued that the case was governed by the savings statute found at T.C.A. § 28-1-105.

Rule 3, T.R.Civ.P., reads as follows:

All civil actions are commenced by filing a complaint with the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved; but if the process is not served or not returned within 30 days from issuance, regardless of the reason, plaintiff, if he wishes to rely upon the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining issuance of new process from time to time, each new process to be obtained within six months from the issuance of the previous one, or plaintiff must recommence the action within one year from issuance of the initial process not served or not returned within 30 days from issuance.

T.C.A. 28-1-105 states:

If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within (1) one year after the reversal or arrest.

Several things are clear from the facts of this case. It is clear that the original complaint filed on September 13, 1982, was timely filed as it was within the year following the accident of October 20, 1981. It is also clear that there was no service of process on the defendant and that no new process was issued within six months of the initial unserved process. The record shows that the plaintiff entered a voluntary non-suit on February 20, 1984, and that the complaint in the present case was

filed on that same day. The complaint, therefore, was filed within one year of the dismissal of the plaintiff's action upon a ground not going to the merits of the case.

The plaintiff contends that the facts of this case are controlled by the savings statute and that, to the extent that the rule is in conflict with the statute, the statute must prevail. This issue has been settled, however, by such cases as *Crosslin v. Alsup*, 594 S.W.2d 379 (Tenn.1980) and *Tennessee Department of Human Services v. Vaughn*, 595 S.W.2d 62 (Tenn.1980). In *Crosslin*, the court stated: "The rules governing practice and procedure in the trial and appellate courts of Tennessee were promulgated by joint action of the General Assembly and the Supreme Court. They have the force and effect of law." 594 S.W.2d at 380.

Both parties cite and rely upon the case of *Adams v. Carter County Memorial Hospital*, 548 S.W.2d 307 (Tenn.1977). In that case a wrongful death action was filed against the hospital and a physician. The complaint was filed on February 8, 1974, and served on the hospital on that same date. Service on the doctor, however, was not effected until August 14, 1974. The doctor moved to dismiss the action as to him on the basis that the plaintiff did not prosecute and continue the action as required by law and, therefore, that the service of process upon him on August 14, 1974, was ineffective, and that the statute of limitations had run. This motion was sustained by the trial judge. The Supreme Court held that the trial court was correct in quashing the service of process upon the defendant doctor, but that it was in error in holding that the statute of limitations had run. The Court stated that the efficacy of the summons terminated upon the expiration of thirty days next following its issuance on February 8, 1974. Rule 4.03, T.R.Civ.P. Relying upon Rule 3, T.R.Civ.P., the Court stated:

> We hold that when the summons is not returned at the end of thirty days following its issuance, the plaintiff must apply for and obtain issuance of new process within six months, or recommence the action within one year, of the end of said thirty days period in order to preserve the original commencement of the action as a bar to the running of a statute of limitations.

548 S.W.2d at 309.

The Court further held in *Adams* that the trial court prematurely decided the issue relating to the statute of limitations. The Court said:

> Plaintiff may timely recommence the action against defendant Frost by filing a new complaint anytime within one year of the entry of judgment of this court affirming the order of dismissal of the trial court. T.C.A. § 28–106 [now T.C.A. § 28–1–105]. This statute applies since the original action was timely filed and is being dismissed upon a ground not concluding the plaintiff's right of action.

548 S.W.2d at 310.

The plaintiff in the present case contends that the voluntary dismissal on February 20, 1984, not being on the merits, allowed the plaintiff an additional year in which to refile. The facts here, however, are not parallel to those recited in the *Adams* case. Under Rule 3, T.R.Civ.P., the plaintiff is afforded two avenues through which to rely upon the original filing date as a bar to the running of the statute of limitations. These are (1) applying for and obtaining issuance of new process from time to time, each process to be obtained within six months from the issuance of the previous one, or (2) recommencing the action within one year from the issuance of the initial process which was not served or returned within thirty days from issuance. The plaintiff in this case did not pursue either avenue. First, the plaintiff did not issue new process, after the original process was not served or returned within thirty days from issuance, within the prescribed six months period. Second, the plaintiff did not recommence the action within one year from issuance of the initial unserved process. Therefore, the action was not "commenced within the time limited by a rule or statute of limitations," and the savings

statute is inapplicable to the facts of this case.

Although the plaintiff in the *Adams* case failed to issue new process within the six months period, there is nothing to suggest that the plaintiff was not still within the year from the date the original process died.

For the reasons stated, the judgment of the trial court is affirmed. Costs are adjudged against the plaintiff-appellant.

NEARN, P.J., W.S., and MATHERNE, Special Judge, concur.