**Francescia J. GREGORY and Harold Gregory, Plaintiffs/Appellees,**

v.

**David B. McCULLEY, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 4, 1995.

Permission to Appeal Denied by Supreme Court Dec. 18, 1995.

Thomas A. Travaglini, Madison, for Plaintiffs/Appellees.

Thomas M. Donnell, Judith E. Beasley, Nashville, for Defendant/Appellant.

### OPINION

KOCH, Judge.

This interlocutory appeal requires us to decide whether a plaintiff may rely on the savings statute to toll the running of a statute of limitations when it fails to reissue process or to recommence an action within the time required by Tenn.R.Civ.P. 3. The Circuit Court for Sumner County determined that the plaintiffs could take advantage of the savings statute but granted the defendant permission to pursue an interlocutory appeal. We concur that an interlocutory appeal will prevent needless, expensive, and protracted litigation in this case. Since the defendant's application and the plaintiffs' responses fully set forth the parties' positions and the material facts, we dispense with further briefing and oral argument and proceed to the merits in order to save the parties additional time and expense.[1] We find that the plaintiffs

---

1. Pursuant to Tenn.R.App.P. 2, we suspend the application of Tenn.R.App.P. 9(e), 24–26 & 29. We also find oral argument to be unnecessary pursuant to Tenn.R.App.P. 35(c).

cannot rely on the savings statute and, therefore, reverse the trial court's denial of the defendant's motion to dismiss.

## I.

Francescia J. Gregory was driving her automobile on Highway 109 in Sumner County on July 3, 1992. As Ms. Gregory's vehicle approached the intersection with Boiling Springs Road, an automobile driven by David B. McCulley attempted to turn left onto Highway 109 and collided with Ms. Gregory's vehicle. As a result of the accident, Ms. Gregory suffered personal injuries as well as damage to her automobile.

Ms. Gregory and her husband filed a complaint against Mr. McCulley in the Circuit Court for Sumner County on June 11, 1993. The Gregorys were unable to obtain service of process on Mr. McCulley. The original process was returned "unable to locate" on June 16, 1993. An alias summons issued on November 30, 1993, was returned "unable to locate" on December 15, 1993, and a second alias summons issued on March 25, 1994, was also returned "unable to locate" on March 28, 1994. The Gregorys made no further attempt to issue new process.

On December 20, 1994, the Gregorys filed a new complaint against Mr. McCulley in the Circuit Court for Sumner County. The new complaint was identical to their complaint in the previous case that had been filed on June 11, 1993. The Gregorys filed a notice of voluntary dismissal of their first complaint on January 9, 1995. Mr. McCulley moved to dismiss the second action on February 13, 1995, on the ground that the complaint had not been filed within the one-year statute of limitations in Tenn.Code Ann. § 28–3–104(a)(1) (Supp.1994)[2]. The Gregorys opposed the motion on the ground that the running of the statute of limitations was tolled by Tenn.Code Ann. § 28–1–105(a) (Supp.1994). The trial court denied the motion to dismiss but granted Mr. McCulley permission to pursue an interlocutory appeal to this court.

Mr. McCulley filed his application for permission to appeal in this court on June 9, 1995. The Gregorys filed a notice of opposition to the application on June 19, 1995. After reviewing the application and the documents filed in support thereof, this court ordered the Gregorys to file an additional response. The Gregorys responded by filing a memorandum in support of the trial court's decision.

## II.

■ Tenn.Code Ann. § 28–3–104(a)(1) requires actions for personal injuries to be commenced within one year after the cause of action accrued. The Gregorys' cause of action accrued on July 3, 1992—the date of the accident, and their second complaint was not filed until December 20, 1994. The parties, therefore, agree that the Gregorys' personal injury action is barred by the one-year statute of limitations unless they may take advantage of the savings statute in Tenn. Code Ann. § 28–1–105(a).

Tenn.Code Ann. § 28–1–105(a) provides:

If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

■ The savings statute provides a diligent plaintiff with an opportunity to renew its suit if its complaint is dismissed by any judgment or decree that does not conclude its right of action. *Turner v. Aldor Co.*, 827 S.W.2d 318, 321 (Tenn.Ct.App.1991). While the statute should be construed liberally, *Dukes v. Montgomery County Nursing Home*, 639 S.W.2d 910, 912–13 (Tenn.1982), it should not be used to insulate a plaintiff from

---

**2.** The Gregorys' property damage claims are governed by the three-year statute of limitations in Tenn.Code Ann. § 28–3–105 (Supp.1994) and are, therefore, not barred. While Mr. McCulley's motion to dismiss asserts that the property damage claims were satisfied prior to the filing of the complaint, this issue is not before this court.

its own laches, negligence, or other similar fault. *Moran v. Weinberger*, 149 Tenn. 537, 543, 260 S.W. 966, 967 (1924); *Turner v. Aldor Co.*, 827 S.W.2d at 321.

The savings statute, by its own terms, tolls the running of the statute of limitations only if the action was commenced within the original one-year period provided by Tenn.Code Ann. § 28–3–104. Whether an action is commenced within the initial statute of limitations period is to be determined by Tenn. R.Civ.P. 3. *See FDIC v. Cureton*, 842 F.2d 887, 890 (6th Cir.1988). Tenn.R.Civ.P. 3 [3] provides:

All civil actions are commenced by filing a complaint and summons with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or if process is not served or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff either:

(1) Continues the action by obtaining issuance of new process within 6 months from issuance of the previous process or, if no process issued, within 6 months from the filing of the complaint and summons, or

(2) Recommences the action within 1 year from issuance of the original process or, if no process issued, within 1 year from the filing of the original complaint and summons.

Tenn.R.Civ.P. 3 provides plaintiffs who do not obtain service of process within thirty days with two avenues through which they can rely on the initial filing date as a bar to the running of the statute of limitations. *FDIC v. Cureton*, 842 F.2d at 890; *Morton v.*

*Goodman*, App. No. 88–194–II, slip op. at 4, 13 T.A.M. 48–13, 1988 WL 116383 (Tenn.Ct. App. Nov. 2, 1988), *perm. app. denied* (Tenn. Jan. 30, 1989); *Fox v. Smith*, C.A. No. 39, slip op. at 6–7, 9 T.A.M. 32–3 (Tenn.Ct.App. June 19, 1984) (no perm. app. filed). Plaintiffs may obtain the issuance of new process within six months of the issuance of the previous process, or they may recommence the action within one year of the issuance of the original process. *FDIC v. Cureton*, 842 F.2d at 890; *Morton v. Goodman*, *supra*, slip op. at 4.

Plaintiffs who fail to comply with either of the two safety net provisions provided by Tenn.R.Civ.P. 3 lose the initial filing date as a bar to the statute of limitations, *Fox v. Smith*, *supra*, slip op. at 6–7, and the action "dies." *FDIC v. Cureton*, 842 F.2d at 890. Consequently, according to Tenn.Code Ann. § 28–1–105(a), the action will not be deemed to have been "commenced within the time limited by a rule or statute of limitation," and the savings statute will be inapplicable. *Little v. Franceschini*, 688 S.W.2d 91, 93–94 (Tenn.Ct.App.1985); *Morton v. Goodman*, *supra*, slip op. at 4.

### III.

The Gregorys assert that their action was commenced, for the purposes of the savings statute, when they filed their initial complaint on June 11, 1993. They request this court to reconsider *Little v. Franceschini* in light of the portion of Tenn.R.Civ.P. 3 providing that "[a]n action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved." Their argument ignores the language in Tenn.R.Civ.P. 3 that clearly limits the circumstances when a plaintiff may rely on its original complaint to toll the running of the statute of limitations. The Gregorys also rely on the case of *Lee v. Crenshaw*, 562 F.2d

---

3. Effective July 1, 1995, Tenn.R.Civ.P. 3 has been amended to eliminate the recommencement provision and to extend the reissuance period from six months to one year. The advisory commission comments state that the change was necessary because the former rule created confusion between the one year recommencement period

and the one year savings statute. Since the Gregorys' claims are time-barred, they cannot constitutionally be revived by a retroactive application of the amended version of Tenn.R.Civ.P. 3. *See Yancy v. Yancy*, 52 Tenn. (5 Heisk.) 353, 363–64 (1871); *Collier v. Memphis Light, Gas & Water Div.*, 657 S.W.2d 771, 775 (Tenn.Ct.App.1983).

380, 381–82 (6th Cir.1977). However, the United States Court of Appeals for the Sixth Circuit has now specifically departed from its holding in *Lee v. Crenshaw* to the extent that it conflicts with our holding in *Little v. Franceschini*. *FDIC v. Cureton*, 842 F.2d at 892.

Finally, the Gregorys point out that our holding will force plaintiffs to issue an alias summons every six months or have their claims barred by the statute of limitations. This is precisely the effect of Tenn.R.Civ.P. 3. A plaintiff who fails to obtain service of process must either recommence its action within one year of the date of the issuance of the original process or must obtain the issuance of new process within six months of the previous process. Failure to comply with one of these two provisions will prevent a plaintiff from relying on the savings statute to toll the running of the statute of limitations.

The Gregorys neither obtained the issuance of new process within six months of the issuance of the March 25, 1994 summons nor recommenced their action within one year of the issuance of the initial process on June 11, 1993. Having failed to avail themselves of either of the avenues provided in Tenn. R.Civ.P. 3, they are prohibited from relying on the filing of their original complaint to toll the running of the statute of limitations. Tenn.Code Ann. § 28–1–105 is not available to them because their original action was never properly commenced within the time permitted by the statute of limitations.

## IV.

Because the Gregorys did not obtain the issuance of new process or recommence their action within the time provided by Tenn. R.Civ.P. 3, they may not rely on the June 11, 1993, filing of their original complaint to toll the running of the statute of limitations pursuant to Tenn.Code Ann. § 28–1–105. Accordingly, we reverse the denial of Mr. McCulley's motion to dismiss and remand the case with directions to enter an order dismissing the Gregorys' personal injury claims against Mr. McCulley. We also tax the costs of this appeal jointly and severally to Fran-

cescia J. Gregory and Harold Gregory for which execution, if necessary, may issue.

TODD, P.J. (M.S.), and CANTRELL, J., concur.