# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

FILED

June 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

TERESA MELTON MOORE,    )    WASHINGTON CIRCUIT
        )
      Plaintiff/Appellant    )    NO. 03A01-9802-CV-00063
        )
v.        )    HON. THOMAS J. SEELY, JR.
        )    JUDGE
CHRISTA MILLION FEATHERS    )
and TRACY FEATHERS,    )
        )    REVERSED and
      Defendants/Appellees    )    REMANDED

Gary E. Brewer and Leslie A. Muse, Morristown, for Appellant

Robert D. Arnold, Johnson City, for Appellees.

## O P I N I O N

INMAN, Senior Judge

Plaintiff/Appellant ["Moore"] brought this action for personal injuries resulting from an automobile accident which occurred on June 6, 1991. The trial court dismissed the claim as barred by the statute of limitations.

We reverse the judgment for the reasons hereafter stated.

Moore filed her first complaint in this cause [Docket # 14782] on March 13, 1992. An Order of voluntary nonsuit was entered on November 9, 1993.

She filed a second complaint [Docket # 16394] on June 22, 1994. Process issued for defendant Christa Feathers was returned marked "Moved, No

Longer this Address, Out of State." Process for defendant Tracy Feathers was returned marked "Not At This Address, Unable to Locate."

Moore filed a third complaint, also docketed # 16394, on June 20, 1995, and summons were served on June 28, 1995. Defendants answered and raised the affirmative defense that the statute of limitations barred the claim.

On October 31,1996 defendants filed a motion for summary judgment, which was argued on November 10, 1997. The trial court sustained the motion and dismissed Moore's third complaint as time-barred.

Moore insists that the trial court erred

" . . . in dismissing this action as time barred where Complaint # 16394 was filed on 6/22/94, where the Summonses issued therewith were returned unserved on 6/27/94, and where the Plaintiff refiled a Complaint and two Summonses on 6/20/95, thereby 'recommencing' the action within one year of the filing of the original Complaint as mandated by Rule 3 of the then applicable *Tennessee Rules of Civil Procedure.*"

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d).. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996). But where there is no conflict in the evidence as to any material fact, as in this case, the question on appeal is one of law, and the scope of review is *de novo* with no presumption of correctness accompanying a chancellor's conclusions of law. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87 (Tenn. 1993).

Upon entry of the order of nonsuit of Moore's first complaint, the saving statute, Tenn. Code Ann. § 28-1-105, took effect. This statute provided the opportunity for Moore to commence a new action within one year.

On June 22, 1994, within that one year, Moore filed her second complaint, but process was not served on the defendants. Upon the return of process unserved, RULE 3, T. R. C. P. took effect, which provided, at all times relevant:[1]

## RULE 3.  COMMENCEMENT OF ACTION

All civil actions are commenced by filing a complaint and summons with the clerk of the court.  An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or if process is not served or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the statute of limitations unless the plaintiff either:

(1)    continues the action by obtaining issuance of new process within 6 months from issuance of the previous process or, if no process issued, within 6 months from the filing of the complaint and summons,  or

(2) recommences the action within 1 year from the issuance of the original process or, if no process issued, within 1 year from the filing on the original complaint and summons.

Moore filed her third complaint on June 20, 1995, and process was served on the defendants on June 27, 1995.

It is undisputed that Moore failed to meet the statutory time limitations of RULE 3(1), since she did not issue new process on her second complaint within six months of the return of the unserved process. Therefore, her third complaint, filed with the clerk on June 20, 1995, is only viable if it satisfied the time

---

[1]Rule 3 was amended effective July 1, 1995.  The Advisory Commission Comment to the 1995 Amendment states: "Because the former rule created confusion between the one-year recommencement period and the one-year saving statute, the recommencement provision is eliminated.  The earlier six month reissuance period is extended from six months to a full year."  However, this amended version is not subject to retroactive application. *Gregory v. McCulley,* 912 S.W.2d 175 (Tenn. App. 1995).

limitations of the then-applicable Rule 3(2), *i.e.,* if it "recommence[d] the action within one year of the filing of the original process or, if no process issued, within 1 year from the filing on the original complaint and summons."

Defendants contend that Moore "could have filed a new action and preserved her cause of action. This she did not do and her cause of action therefore expired on November 9, 1994."[2]

Moore insists that she "complied with the rule in effect at the time by refiling the complaint and summons on June 20, 1995, less than one year after the June 22, 1994 complaint was file, thus <u>recommencing</u> the action as required."

A plaintiff may timely recommence an action by "filing a new complaint," *Little v. Franceshini,* 688 S.W.2d 91 (Tenn. App. 1985); "refiling the complaint," *Dukes v. Noe,* 856 S.W.2d 403 (Tenn. App. 1993), or "refiling an original complaint," *Fox v. Smith,* Tenn. Ct. App., W. S., Tomlin, J., June 19, 1984. In interpreting the meaning of "recommence," the Sixth Circuit has interpreted our Rule 3, T.R.C.P., in this regard to mean that inasmuch as the commencement of an action is begun by the filing of a complaint, the recommencement of an action likewise means the filing of a complaint. *Lee v. Crenshaw,* 562 F.2d 380, 381-2 (6th Cir. 1977). The fact that the docket numbers on Moore's second and third complaints are the same is not significant; the requirement of filing a new complaint within one year of the issuance of process on the complaint filed on June 22, 1994 was satisfied.

The judgment of the trial court is reversed and the case is remanded for

---

[2]One year after the nonsuit of the first Complaint.

proceedings not inconsistent with this opinion. Costs are assessed to the

appellee.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge



_____
Charles D. Susano, Jr., Judge