## IN THE COURT OF APPEALS OF TENNESSEE, AT JACKSON

_____

|  |  |  |
|---|---|---|
| **CARRIE LOUISE PINSON**, | ) | Shelby County Circuit Court |
|  | ) | No. 73514 T.D. |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 02A01-9804-CV-00115 |
|  | ) |  |
| **MICHAEL TATA**, | ) |  |
|  | ) |  |
| Defendant/Appellee. | ) |  |
|  | ) |  |

FILED

**March 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable James E. Swearengen, Judge**

**Gerald S. Green**, Memphis, Tennessee
Attorney for Plaintiff/Appellant.

**Warren D. McWhirter**, McWHIRTER & WYATT, Memphis, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**HIGHERS, J.** (Concurs)

Plaintiff Carrie Louise Pinson appeals an order of the trial court granting a motion

for summary judgment filed by Defendant Michael Tata. Because we agree that Ms. Pinson's cause of action is barred by the statute of limitations, we affirm the ruling of the trial court.

On July 25, 1992, Ms. Pinson and Mr. Tata were involved in an automobile accident. Ms. Pinson filed a negligence action against Mr. Tata on July 23, 1993, seeking damages for injuries sustained as a result of the accident. Also on July 23, 1993, a summons was issued to Mr. Tata. After repeated attempts to serve Mr. Tata with process, the summons was returned unserved on August 16, 1993. On February 8, 1994, an alias summons was issued to Mr. Tata. Mr. Tata was served with the alias summons on February 14, 1994. On February 3, 1995, the trial court entered an order quashing the alias summons and dismissing Ms. Pinson's complaint. Thereafter on October 26, 1995, Ms. Pinson filed a second negligence action against Mr. Tata, alleging the same facts as those contained in the original complaint. Mr. Tata subsequently filed a motion to quash, motion to dismiss, and an answer to Ms. Pinson's second complaint. Additionally, Mr. Tata filed a motion for summary judgment. The trial court entered an order granting Mr. Tata's motion for summary judgment and Ms. Pinson appeals.

Ms. Pinson contends that the trial court erred in granting Mr. Tata's motion for summary judgment. In support of this position, Ms. Pinson notes that the trial court dismissed her original complaint "without prejudice." In its order of February 3, 1995, the trial court stated as follows:

> This cause came on to be heard on January 20, 1995 upon motion of defendant, Michael Tata, to quash summons and dismiss complaint; upon memoranda submitted in the cause, upon argument of counsel; and upon the entire record in the cause, from all of which it appears that the motion is well taken and should be granted. The Court finds that the plaintiff, Carrie Louise Pinson, failed to comply with rule 3 of the Tennessee Rules of Civil Procedure and that therefore this lawsuit should be dismissed. ***The Court is dismissing this action without making a determination as to the plaintiff's right or lack thereof to bring further action in regard to this matter***.
>
> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the motion of defendant, Michael Tata, to quash summons and dismiss complaint is well taken and that the motion should be, and is hereby, granted and the summons is quashed and the complaint is dismissed ***without prejudice***. The Courts costs shall be taxed to the plaintiff, for which execution may issue, if necessary. (emphasis added).

Additionally, Ms. Pinson notes that, under Tennessee's savings statute, an action that has been dismissed "not on the merits" may be recommenced so long as it is refiled within one year after the entry of the order dismissing the original complaint. Ms. Pinson's second complaint was filed on October 26, 1995, which is less than one year after February 3, 1995, the date on which Ms. Pinson's original complaint was dismissed. Thus, Ms. Pinson argues that, under Tennessee's savings statute, her second action was timely commenced.

Tennessee's savings statute provides in pertinent part as follows:

> ***If the action is commenced within the time limited by a rule or statute of limitation***, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tenn. Code Ann. § 28-1-105(a) (Supp. 1998)(emphasis added). Under its express language, this provision applies only "[i]f the action is commenced within the time limited by a rule or statute of limitation." Tenn. Code Ann. § 28-1-105(a) (Supp. 1998). Thus, in the instant case, we must first determine whether Ms. Pinson's original action was commenced within the applicable rule or statute of limitations.

The rule governing commencement of actions is set forth in Rule 3 of the Tennessee Rules of Civil Procedure which, on the date that Ms. Pinson filed her original complaint, provided as follows:

> All civil actions are commenced by filing a complaint and summons with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. ***If process remains unissued for 30 days or if process is not served or is not returned***

> *within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff either:*
>
> > *(1) continues the action by obtaining issuance of new process within 6 months from issuance of the previous process or, if no process issued, within 6 months from the filing of the complaint and summons, or*
> >
> > *(2) recommences the action within 1 year from issuance of the original process or, if no process issued, within 1 year from the filing of the original complaint and summons.*

T.R.C.P. 3 (emphasis added).[1]  In the instant case, the original summons issued to Mr. Tata was returned unserved.  Thus, in order for Ms. Pinson to rely on the filing date of her original complaint for purposes of the statute of limitations, Ms. Pinson was required to either (1) obtain new process within six months of the issuance of the original process or (2) refile the action within one year of the date that the original process was issued.  Although an alias summons was issued to Mr. Tata on February 8, 1994, this was more than six months after the issuance of the original summons on July 23, 1993.  Additionally, while Ms. Pinson did file a second complaint on October 26, 1995, this recommencement of the action did not occur within one year of July 23, 1993, the date on which the original process was issued.  Thus, because Ms. Pinson did not comply with the requirements of Rule 3, we conclude that she may not rely on the filing date of her original complaint for purposes of determining whether her action was filed within the applicable statute of limitations.  Accordingly, the relevant date for purposes of the statute of limitations is October 26, 1995, the date on which Ms. Pinson filed her second complaint.

---

[1]This provision has been amended to eliminate the language regarding recommencement of the action and to extend the reissuance period from six months to one year. *See* 1995 Advisory Comments to T.R.C.P. 3.  Currently, Rule 3 provides as follows:

> All civil actions are commenced by filing a complaint with the clerk of the court.  An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved.  If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

T.R.C.P. 3.  This amended version of Rule 3, however, may not be applied retrospectively to the case at bar. *See Gregory v. McCulley*, 912 S.W.2d 175, 177 n.3 (Tenn. App. 1995)(citing *Yancy v. Yancy*, 52 Tenn. (5 Heisk.) 353, 363-64 (Tenn. 1871); *Collier v. Memphis Light, Gas & Water Div.*, 657 S.W.2d 771, 775 (Tenn. App. 1983)).

In order to be timely, an action for personal injuries must be commenced within one year of the date on which the cause of action accrued. *See* Tenn. Code Ann. § 28-3-104(a)(1) (Supp. 1998). In the instant case, Ms. Pinson's cause of action accrued on July 25, 1992, the date of the automobile accident. Ms. Pinson's second complaint, however, was filed more than one year after this date on October 26, 1995. Thus, Ms. Pinson's action was not commenced within the applicable statute of limitations. Consequently, we conclude that Tennessee's savings statute has no application to the case at bar.

In *Little v. Franceschini*, 688 S.W.2d 91 (Tenn. App. 1985), we were presented with facts strikingly similar to those of the case at bar. The plaintiff filed a personal injury action on September 13, 1982, within the one year statute of limitations. *See id.* at 92. Because process was not served on the defendant, however, this action was dismissed by voluntary non-suit on February 20, 1984. *See id.* Also on February 20, 1984, the plaintiff filed a second complaint, alleging the same facts as those contained in the original complaint. *See id.* The defendant subsequently filed a motion to dismiss the plaintiff's claim as untimely, which was granted by the trial court. *See id.* On appeal, this court noted that new process had not been reissued within six months of the issuance of the original process. *See id.* at 93. We further noted that the action had not been recommenced within one year of the issuance of the initial unserved process. *See id.* Concluding that the plaintiff's action had not been "commenced within the time limited by a rule or statute of limitation," we held that the savings statute was inapplicable and thus affirmed the trial court's dismissal of the plaintiff's claim. *Id.* at 93-94. *See also Federal Deposit Ins. Corp. v. Cureton*, 842 F.2d 887, 892 (6th Cir. 1988)(holding that, pursuant to our ruling in *Little*, the filing date of the plaintiff's original complaint "died" for purposes of the statute of limitations because the plaintiff had not complied with the requirements of Rule 3).

More recently, in *Gregory v. McCulley*, 912 S.W.2d 175 (Tenn. App. 1995), the plaintiffs filed an action against the defendant on June 11, 1993, seeking damages for injuries sustained as a result of an automobile accident that occurred on July 3, 1992. *See id.* at 176. After the original process issued to the defendant was returned unserved, the plaintiffs obtained issuance of an alias summons on November 30, 1993 and a second alias summons on March 25, 1994, both of which were also returned unserved. *See id.* Consequently, on December 20, 1994, the plaintiffs

filed a second complaint against the defendant. *See id.* Thereafter, the plaintiffs voluntarily dismissed their first complaint. *See id.* The defendant then filed a motion to dismiss the plaintiffs' second complaint, arguing that it was not filed within the one year statute of limitations applicable to personal injury actions. *See id.* The trial court denied the defendant's motion to dismiss. *See id.* On appeal, we followed the reasoning set forth in *Little* and *Cureton*, holding as follows:

> The Gregorys neither obtained the issuance of new process within six months of the issuance of the March 25, 1994 summons nor recommenced their action within one year of the issuance of the initial process on June 11, 1993. Having failed to avail themselves of either of the avenues provided in Tenn. R. Civ. P. 3, they are prohibited from relying on the filing of their original complaint to toll the running of the statute of limitations. Tenn. Code Ann. § 28-1-105 is not available to them because their original action was never properly commenced within the time permitted by the statute of limitations.

*Id.* at 178.

Consistent with the foregoing authority, we find that Tennessee's savings statute is inapplicable to the case at bar. Additionally, because Ms. Pinson's second complaint was not filed within one year of the date on which her cause of action accrued, we conclude that this action is untimely. Accordingly, we affirm the order of the trial court granting Mr. Tata's motion for summary judgment. Costs on appeal are assessed to Ms. Pinson, for which execution may issue if necessary.

_____

FARMER, J.

_____

CRAWFORD, P.J., W.S. (Concurs)

HIGHERS, J. (Concurs)