IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief October 31, 2002

**JERRY HUNTER v. MTD PRODUCTS, INC.**

**Direct Appeal from the Circuit Court for Haywood County**
**No. 3527     Clayburn L. Peeples, Judge**

_____

**No. W2002-00005-COA-R3-CV - Filed December 20, 2002**

_____

Plaintiff sued Defendant alleging a conspiracy. The Defendant filed a motion for summary judgment which the trial court granted. Plaintiff appeals and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Marcus M. Reaves, Jackson, Tennessee, for the appellant, Jerry Hunter.

C. Thomas Hooper, III, Brownsville, Tennessee, for the appellee, MTD Products, Inc.

**OPINION**

The plaintiff, Jerry Hunter, sued his former employer, MTD Products, Inc. following his unsuccessful suit to recover workers' compensation benefits from the Defendant. The gist of the complaint is that the Defendant was involved in a conspiracy with its physicians to deny that Plaintiff was injured on the job and, because of the conspiracy, Plaintiff's workers' compensation action was dismissed.

Mr. Hunter sued MTD Products, Inc. (MTD) on July 6, 1999, alleging that he was injured on or about November 18, 1993, and November 8, 1994 while in the course and scope of his employment with MTD. This action was filed in the Chancery Court of Fayette County, Tennessee. On October 29, 1999, an order of dismissal with prejudice was entered in that cause on the basis that the claim was barred by the applicable statute of limitations. *See* Tenn. Code Ann. § 50-6-203.

Subsequent to the filing of the complaint in the present case,[1] MTD filed a motion for summary judgment on the basis that the complaint failed to state a cause of action for conspiracy and that the case was barred by the statute of limitations and the doctrine of *res judicata*. Mr. Hunter filed an unsworn response to the motion. The motion for summary judgment came to be heard before the trial court on December 10, 2001. The morning of that hearing, Mr. Hunter filed a motion to amend his response to the summary judgment motion.

The trial court granted MTD's motion for summary judgment and denied Mr. Hunter's motion to amend his response to the summary judgment motion on the basis that he had failed to comply with rule 56.04 of the Tennessee Rules of Civil Procedure which provides that "[t]he adverse party may serve and file opposing affidavits not later than five days before the hearing." The advisory comment notes that this sentence was amended to require opposing affidavits to be served five (5) days, not one (1) day, before motion day, thus enabling counsel to be better prepared for oral argument.

We perceive the issue to be whether the trial court erred in granting the defendant MTD's motion for summary judgment.[2]

This Court's review of a motion for summary judgment is a question of law with no presumption of correctness attached to the lower court's judgment. We are to review the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. Summary judgment is appropriate when there is no genuine issue of material facts and the moving party is entitled to judgment as a matter of law on the undisputed facts. *See Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000).

The present action was begun by the filing of a complaint on October 1, 2001, alleging that the Defendant was involved in a conspiracy with "its physicians" which resulted in a dismissal of the Plaintiff's workers' compensation action which was dismissed on October 29, 1999, on the basis that it was barred by the applicable statute of limitations. Subsequent to the filing of the complaint, the Defendant filed a motion for dismissal under Rule 10.03 Tenn. R. Civ. P. alleging that the complaint made reference to documents which were not attached to the complaint. The plaintiff then filed a motion to supplement the complaint by adding the attachments which consisted of two affidavits, presumably co-workers of Mr. Hunter, and apparently given to support the fact that Mr. Hunter had suffered an on-the-job injury. Mr. Hunter's workers' compensation action was dismissed because of the bar of the statute of limitations. The other attachment was an unsworn handwritten statement of Mr. David L. Smith dated April 15, 2000, wherein he states that he had knowledge that Mr. Hunter reported a work injury, that some time after that Mr. Hunter asked Mr. Smith if he could obtain a copy of the accident report. The statement further states that Mr. Smith was informed that

---

[1]Mr. Hunter filed the complaint in the present action, as well as the workers' compensation action, *pro se*. A notice of appearance by his attorney was filed in this cause November 13, 2001.

[2]The issue as presented by the Appellant is "whether the trial court erred in granting Defendant's motion to suppress."

Mr. Hunter would not get a copy of the report unless his lawyer requested it. Upon explaining this to Mr. Hunter, Mr. Smith states that he later learned that Mr. Hunter's lawyer had requested the report and told that there was not one. The record before us does not indicate that the trial court acted on this motion. However, a party may amend pleadings once as a matter of course at any time before a responsive pleading is served, otherwise only by written consent of the adverse party or by leave of court. Tenn. R. Civ. P. 15.01. Our Supreme Court has held that a motion is not a responsive pleading. *See Adams v. Carter County Mem. Hosp.*, 548 S.W.2d 307, 309 (1977). However, "[w]hen a party seeks leave to amend, he waives the absolute right, granted by Tenn. R. Civ. P. 15, to amend." *Gribble v. Buckner*, 730 S.W.2d 630, 633 (Tenn. Ct. App. 1986).

Defendant asserts that summary judgment was proper because the Plaintiff's case was barred by the doctrine of *res judicata* and that the present action is merely an attempt to resurrect the failed suit to recover workers' compensation benefits. We disagree. While the suit for workers' compensation benefits gave rise to the present case, the Plaintiff has presented an entirely different issue in the case before us.

We next address whether or not the Plaintiff has stated a claim against the Defendant upon which relief can be granted. *See* Rule 12.02 Tenn. R. Civ. P. Assuming these allegations to be true, the Plaintiff has failed to demonstrate how such action on the part of Defendant caused the Plaintiff to wait until 1999 to file his claim for workers' compensation benefits to compensate him for injuries alleged to have occurred in 1993 and 1994. We have determined from the record before us that the complaint, even if we consider the attempted amendment, fails to state a claim upon which relief can be granted and affirm the judgment of the trial court dismissing the Plaintiff's cause of action. Having so determined, we do not find it necessary to address the question of the statute of limitations. The costs of this appeal are taxed to the appellant, Jerry Hunter, and his surety.

_____
DAVID R. FARMER, JUDGE

-3-