IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, April 4, 2006 Session

## SUNTRUST BANK v. SHEEP, INC., and MARILYN POWELL

**Direct Appeal from the Circuit Court for Knox County**
**No. 1-1-03     Hon. Dale C. Workman, Circuit Judge**

**No. E2005-02377-COA-R3-CV  - FILED JUNE 26, 2006**

The Trial Court dismissed the case on the grounds the process issued more than one year after the issuance of the previous process was invalid.  On appeal, we vacate.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

John R. Cheadle, Jr., Nashville, Tennessee, for appellant.

## OPINION

Plaintiff's action against defendants alleging check fraud, was dismissed by the Trial Court when plaintiff moved for a default judgment against defendants, relying upon service of process through the Secretary of State which was returned "unclaimed".

The Trial Court heard plaintiff's Motion on July 29, 2005, and the Order entered thereon states the original summons was returned unserved, having been issued on January 2, 2003. The Order then details that the next process was not issued until February 25, 2005, more than two years later, and service "was attempted on Powell" through the Secretary of State, and to Sheep, Inc., through a private process server.

The Court in its Order then dismissed the case because the original summons was issued in January 2003, and no alias summons had issued for two years.

Plaintiff brought this appeal and presents the issues of whether service of process issued and returned "unclaimed" constitutes valid service pursuant to Tenn. R. Civ. P. 4.05, and

whether the Trial Court may, "*sua sponte* dismiss plaintiff's cause of action without a motion by defendant or without a claim that a statute of limitations has elapsed?"

Plaintiff argues that service of process was properly made pursuant to Tenn. R. Civ. P. 4.05(5), which provides:

> When service of summons, process, or notice is provided for or permitted by registered or certified mail, under the laws of Tennessee, and the addressee, or the addressee's agent, refuses to accept delivery, and it is so stated in the return receipt of the United States Postal Service, the written return receipt, if returned and filed in the action, shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.

The Trial Court dismissed plaintiff's cause of action, however, based on Tenn. R. Civ. P. 3, which states:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30[1] days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

It is undisputed that process was not re-issued for over two years from the issuance of the original process. Plaintiff insists this is of no consequence because plaintiff is not relying on Tenn. R. Civ. P. 3 to toll the statute of limitations, and asserts the statute of limitations applicable to its claims is either three or six years, and thus the statute had not run when the latest summons was issued.

An earlier version of Tenn. R. Civ. P. 3 was interpreted by the Supreme Court in the 1977 opinion of *Adams v. Carter County Memorial Hosp.*, 548 S.W.2d 307 (Tenn. 1977), wherein the Court confronted the question of whether the sheriff's failure to return the summons within the 30 day time frame then allowed by the rule, and the plaintiff's failure to have process re-issued within the six month time frame contained in that version of the rule, would subject plaintiff's suit

_____

[1] This rule was amended effective July 1, 2005 to provide a 90 day time limit rather than 30 days.

to dismissal. The Court ruled that since plaintiff failed to have process re-issued within the six month time frame, the action "became subject to abatement and was properly dismissed by the trial court." *Id.* This rule has been followed in numerous cases. *See FDIC v. Cureton*, 842 F.2d 887 (6th Cir 1988)(when plaintiff failed to request issuance of new process within 6 months after initial process was not served, the lawsuit "died"); *Gregory v. McCulley*, 912 S.W.2d 175 (Tenn. Ct. App. 1995)("Plaintiffs who fail to comply with either of the two safety net provisions provided by Tenn. R. Civ. P. 3 lose the initial filing date as a bar to the statute of limitations, and the action 'dies.'"). Construing the new version of Tenn. R. Civ. P. 3, the Supreme Court has made clear that new process must be issued on the original complaint within one year, or the action will be considered to have "expired". *Frye v. Blue Ridge Neuroscience Center, PC*, 70 S.W.3d 710 (Tenn. 2002).

These cases interpreting Tenn. R. Civ. P. 3 deal with situations where the time period of the statute of limitations has run. On careful analysis of Tenn. R. Civ. P. 3, we conclude the proscription set forth in the rule is inapplicable to cases where the plaintiff is not relying upon the original commencement of the action to toll the running of the statute of limitations, which are the circumstances in this case. Accordingly, Rule 3 did not authorize the Trial Judge to dismiss this action, and we vacate the Trial Court's Judgment.

As we noted, this case was dormant on the Trial Court's docket for two years, and trial courts have broad discretion to dismiss inactive cases from their docket. As this Court said in *Woods v. World Truck Transfer, Inc.,* 1999 WL 1086462 (Tenn. Ct. App. Dec. 3, 1999):

> Trial courts must dispose of pending cases and avoid congestion of their dockets in order to be efficient. Accordingly, trial courts may manage their dockets to move cases along with reasonable dispatch and may, when necessary, dismiss a complaint involuntarily when the plaintiff has failed to prosecute the case. Accordingly, trial courts may dismiss a complaint when a plaintiff fails to have process issued or served on a defendant over a long period of time, or when a plaintiff fails to move a case toward adjudication when there is no compelling reason for delay.

*Id.*, at p. 8 (citations omitted). The *Woods* case is not applicable here. The plaintiff in the instant case ultimately pursued service within the period of the applicable statute of limitations. Service of process was apparently effected pursuant to the provisions of Tenn. R. Civ. P. 3. Hence, this case was in an active status when the plaintiff moved for a default judgment. A dismissal for failure to prosecute would not have been appropriate given the status of this litigation. *Accord, Douglas v. Estate of Robertson*, 876 S.W.2d 95 (Tenn. 1994).

The judgment of the Trial Court is vacated. Exercising our discretion, we tax the costs on appeal against the plaintiff, SunTrust Bank.

_____
HERSCHEL PICKENS FRANKS, P.J.