## THE STATE *v.* NORMAN McEWEN.

(*Nashville.* December Term, 1920.)

1. **STATUTES.** Construction making act invalid avoided, if possible.

A statute will not be construed so that the body of the act is broader than the caption, making the act invalid, if such construction can be avoided. (*Post, pp.* 593-594.)

Acts cited and construed: Acts 1901, ch. 96; Acts 1905, ch. 447.

Case cited and approved: Palmer v. Express Co., 129 Tenn., 116.

Codes cited and construed: Sec. 7320a (T.-S.); Sec. 7320a1 (S.).

2. **STATUTES.** Construed in pari-materia.

An act will be construed *in pari materia* with all other acts on the same subject. (*Post, pp.* 594-595.)

3. **COSTS.** Sheriff's expenses within the State in bringing defendant from other State taxed against State.

Under Thompson's-Shannon's Code, section 7320a (Shannon's Ann. Code, section 7320a1), and in view of sections 7606, 7611, and Shannon's Ann. Code, section 7620, expenses incurred within the State by the sheriff's office in bringing defendant, who had absconded to other State, back for trial under indictment for forgery, were properly taxed against the State, as part of costs, on verdict of not guilty. (*Post, pp.* 594-595.)

Codes cited and construed: Secs. 7606, 7611 (T.-S.); Sec. 7620 (S.).

---

FROM DAVIDSON.

---

Appeal from the Criminal Court of Davidson County. —HON. J. D. B. DEBOW, Judge.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

W. C. CHERRY, for appellee.

MR. CHIEF JUSTICE LANSDEN delivered the opinion of the Court.

This is a motion to retax cost. The sheriff's office in Davidson county moved to retax the cost so as to tax in favor of the petitioner the sum of $9.93, for expenses, incurred within the State, of bringing the defendant, who had absconded from Tennessee to Kentucky, back for trial in Davidson county, under an indictment for forgery. The circuit judge allowed the motion, and taxed $9.93 against the State as part of the costs of the cause, which had previously been adjudged against the State upon a verdict of not guilty.

The authority under which the criminal judge acted in allowing the motion is chapter 96, Acts of 1901, as amended by chapter 447 of the Acts of 1905. These two acts are codified in the Code of Mr. Shannon and in Thompson's Shannon's Code in the same language as follows:

"Expenses to be Paid by Warrant of County Judge or Chairman, When.—When a warrant shall be sworn out before any justice of the peace of this State, or any indictment returned by a grand jury, charging any person with a felonious crime above the grade of petit larceny, and such person shall have absconded beyond the borders of this State, the county judge or chairman of county court of

such county in which said crime shall have been committed shall pay to the sheriff of such county, who shall have gone for such person and returned with him or her to such county, three cents per mile for each mile necessarily traveled in going and coming, and also his other actual and necessary expenses, the whole in no event to exceed the sum of $75: Provided that the compensation hereby fixed shall apply only to mileage and expenses outside the State, and for the distance inside the State going and coming the same mileage shall be taxed in the bill of costs as is allowed for carrying prisoners arrested in this State; and the receipt of such sheriff so returning such person charged with a felonious crime shall be a voucher, for the amount thereof, of such chairman or county judge in his settlement with the county provided, that no designation by the chairman of the county court, or county judge shall be necessary to authorize the sheriff to act and draw pay under this section, and that the chairman of the county court, or county judge, shall have no power to designate any other person."

The foregoing is section 7320a, of Thompson's Shannon's Code (Shannon's Ann. Code, section 7320a1).

It is conceded to be a correct codification of the two acts, but it is said for the State that the construction given the two acts by the criminal judge makes the body of the act broader than the caption, and, therefore, invalid, and that such a construction will not be given it if it can be avoided. This is a familiar rule of construction, and is set forth in

143 Tenn.—38

many of our cases, among them *Palmer* v. *Express Co.*, 129 Tenn., 116, 165 S. W., 236.

But the act will be construed *in pari materia.* with all other acts upon the same subject. The method of paying costs for prosecutions of all criminal cases where the punishment is above the grade of petit larceny has long been the subject of legislation, and is set out in our Code beginning at section 7611, Thompson's Shannon's Code. Section 7606 provides that the cost adjudged in criminal cases shall include all costs incident to the arrest and safekeeping of the defendant before and after conviction, as an incident to the prosecution and conviction, and incident to the carrying of the judgment, or sentence, of the court into effect. The defendant was acquited of the charge of forgery, and the court adjudged the cost against the State. This motion was later made, claiming that the sum of $9.93 was chargeable to the State, because it was costs incurred for transporting the defendant within the State to the place of trial. We think the criminal judge was correct in allowing the motion. Section 7620 of Shannon's Annotated Code provides for the taxation of all costs against the State. When the act of 1905 amended the original act of 1901 so as to provide for the taxation of such costs "as is allowed for carrying prisoners arrested in this State," it was reducing the subject-matter of the act instead of enlarging it. It did not introduce a new subject into the original act. The original act provided that the counties should pay such items of costs as these, whereas the amendment to the act provided that these

costs should be taxed in the bill of costs, and necessarily provided that the State should pay them, because it had been previously so enacted.    The title of the original act is as follows:

"A bill to be entitled 'An act to authorize the chairman of the county courts or county judge of this State to pay the traveling and other necessary expenses of the sheriff or other officer to be designated by the chairman or county judge for the purpose of going after and bringing back absconding persons charged with any felonious crime above the grade of petit larceny.' "

It covers all expenses incurred on a trip out of the State for any accused criminal in certain cases, and provides that the county shall pay them.    The amendment reduces the original act to that which is set out above as section 7320a1 of Shannon's Annotated Code.  This is undoubtedly a reduction of the body of the act, because the legislature had previously provided that expenses for transporting the accused within the State to the place of trial should be paid by the State.    So we conclue that the point made is not well taken, when the amended act is considered in connection with the other provisions of law on the same subject, although the point might be well taken if the amended act were considered alone.

Affirmed.