**FIRST TENNESSEE BANK, N.A., formerly Valley Fidelity Bank and Trust Company, Plaintiff–Appellant,**

**v.**

**W.P. Boone DOUGHERTY, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 25, 1997.

Permission to Appeal Denied by Supreme Court Feb. 23, 1998.

404 (1993) (plastic bag containing cocaine in

J. Michael Winchester, Gordon D. Foster, Lacy & Winchester, P.C., Knoxville, for plaintiff-appellant.

W.P. Boone Dougherty, pro se.

## OPINION

McMURRAY, Judge.

We are called upon on this appeal to construe Rule 3 and Rule 4, Tennessee Rules of Civil Procedure *in pari materia.* The trial court determined that service of process in this case was not timely returned in accordance with Rule 3 and that the statute of limitations was not thereby tolled. We affirm the judgment of the trial court.

The basic facts are not disputed. The plaintiff here, First Tennessee Bank, obtained a judgment against the defendant on May 17, 1983. On May 13, 1993, the plaintiff initiated this action to renew the judgment and prevent the 10 year statute of limitations applicable to judgments (T.C.A. § 28–3–110) from extinguishing the judgment.

waistband).

Summonses were timely issued on six occasions. The first five did not result in proper service. The sixth summons was issued on November 15, 1994, and served on the defendant, along with a copy of the complaint. Service was made on November 30, 1994. For reasons not clear in the record, the process server did not make a return to the court until sometime between December 19, 1994, and January 6, 1995. The affidavit of the process server was filed on March 8, 1996.

On December 27, 1994, the defendant filed a lengthy motion to dismiss, asserting, among other things, that the service of process was not sufficient to toll the statute of limitations referred to above. In making this assertion, the defendant relies upon the provisions of Rule 3, Tennessee Rules of Civil Procedure. At times material to the issues here, Rule 3 provided as follows:

**Rule 3. Commencement of Action.** All civil actions are commenced by filing a complaint and summons with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. *If process remains unissued for 30 days or is not served or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations* unless the plaintiff either;

(1) Continues the action by obtaining issuance of new process within 6 months from issuance of the previous process or, if no process issued, within 6 months from the filing of the complaint or summons, or
(2) Recommences the action within 1 year from the issuance of the original process, or if no process issued, within 1 year from the filing of the original complaint and summons.

(All emphasis added).

It is undisputed that the appellant did not comply either with subparagraph (1) or (2). The appellee argues that the underlined provisions set out above prevent the appellant from relying on the filing date of the original complaint in this action to toll the statute of limitations. The appellant, on the other hand, argues that Rule 4, Tennessee Rules of Civil Procedure is controlling. Rule 4.03 provides as follows:

**4.03 Summons—Return.** (1) The person serving the summons shall promptly and *within the time during which the person served must respond,* make proof thereof to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within thirty (30) days after its issuance, it shall be returned with the reasons for the failure to serve stated thereon. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, after any prior summons has been returned unserved, or in the event that such prior summons has not been returned within thirty (30) days after its issuance. (Emphasis added).

We will begin our analysis by noting that the process in question here is leading process and the time during which the person served must respond is thirty days from the service of process on an original complaint. Therefore, any process issued on an original complaint, properly served and returned within 30 days of service is valid process for the purpose of conferring personal jurisdiction upon the person served.

We believe that under the pronouncements of our Supreme Court, the Rules of Civil Procedure are to be construed in the same way and manner as statutes are construed.

... [W]e reject out of hand [the] conclusion that the "Tennessee Rules of Civil Procedure are not laws." These rules, along with the Rules of Criminal Procedure and the Rules of Appellate Procedure, are "laws" of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by this Court and adopted by the General Assembly. Any other construction would thwart, frustrate and emasculate these modern and progressive rules....

*Department of Human Services v. Vaughn,* 595 S.W.2d 62 (Tenn.1980).

The familiar rule for statutory construction is as follows:

The cardinal rule of Tennessee statutory interpretation is to ascertain and give effect to the intent and purpose of the Legislature in relation to the subject matter of the legislation, all rules of construction being but aids to that end. *Rippeth v. Connelly,* 60 Tenn.App. 430, 447 S.W.2d 380, 381 (1969). A statute must be construed so as to ascertain and give effect to the intent and purpose of the legislation, considering the statute as a whole and giving words their common and ordinary meaning. *Marion County Board of Commissioners v. Marion County Election Commission,* 594 S.W.2d 681 (Tenn.1980). The court should assume that the Legislature used each word in the statute purposely and that the use of these words conveyed some intent and had a meaning and purpose. *Anderson Fish & Oyster Company v. Olds,* 197 Tenn. 604, 277 S.W.2d 344 (1955). *See also Crowe v. Ferguson,* 814 S.W.2d 721 (Tenn.1991). Where the language contained within the four corners of a statute is plain, clear, and unambiguous and the enactment is within legislative competency, "the duty of the courts is simple and obvious, namely, to say *sic lex scripta* [the law is so written], and obey it." *Miller v. Childress,* 21 Tenn. (2 Hum.) 320, 321–22 (1841).

In addition to the above canons of construction, we must also recognize that it is the court's duty to reconcile provisions to give them a consistent meaning and harmonize the purposes of each. *Dingman v. Harvell,* 814 S.W.2d 362 (Tenn.App.1991); *Kentucky–Tennessee Clay Co. v. Huddleston,* 922 S.W.2d 539 (Tenn.App.1995). In addition, an act should be construed *in pari materia* with all other acts on the same subject. *State v. McEwen,* 143 Tenn. 591, 224 S.W. 167 (1920).

We are convinced by our reading of Rules 3 and 4 of the Tennessee Rules of Civil Procedure, that the two rules can be reconciled without forced or subtle construction that would limit or extend the meaning of the language contained in either.

We are of the opinion that Rules 3 and 4 address differing concepts and are not inconsistent in any way. Rule 3 is directed toward commencement of actions; when the commencement tolls the statute of limitations; and the circumstances under which the plaintiff may prevent the statute of limitations from running. The provisions of Rule 3 are clear and unambiguous. Giving the words their natural meaning, if process is not returned within 30 days from issuance, *regardless of the reason* the plaintiff *cannot rely upon the original commencement to toll the running of the statute of limitations.* There are only two exceptions, i.e., obtaining new process within 6 months or recommencement of the action within one year as set out above in subparagraphs (1) and (2) of Rule 3. This proposition seems to have been settled by our Supreme Court in *Adams v. Carter County Mem. Hosp.,* 548 S.W.2d 307 (Tenn. 1977), wherein the court stated:

The Rules plainly contemplate that a summons will be either served within thirty days after its issuance or returned unserved promptly at the end of that period of time. They contain no express provision to govern the situation presented here, in which the summons is neither served nor returned unserved at the end of the thirty day period. Nevertheless, the plaintiff cannot sit idly by when confronted with such a situation. We hold that when the summons is not returned at the end of thirty days following its issuance, the plaintiff must apply for and obtain issuance of new process within six months, or recommence the action within one year, of the end of said thirty days period in order to preserve the original commencement of the action as a bar to the running of a statute of limitations.

*Adams,* page 309. *See Also Little v. Franceschini,* 688 S.W.2d 91.

On the other hand, Rule 4 addresses the way and manner and by whom process may be served. It seems abundantly clear that if process is served and proper return is made as provided in Rule 4, the process possesses the necessary validity to bring the person served before the court for jurisdictional purposes. Process may be valid under Rule 4, but still insufficient to toll the statute of limitations as provided by Rule 3. Rule 4 is in

no way intended to toll the statute of limitations. Therefore, even if service is complete and valid under Rule 4, if the requirements of Rule 3 have not been met, the statute of limitations is not tolled.

We believe that this interpretation preserves the integrity and efficacy of both rules without doing harm to either. To interpret the rules differently would result in an irreconcilable conflict between the two rules. It is this Court's duty to reconcile conflicting provisions to give them a consistent meaning and harmonize the purposes of each. *Dingman v. Harvell,* supra, and *Huddleston,* supra.

We affirm the judgment of the trial court in all respects. Costs of this appeal are taxed to the appellant and sureties and the case is remanded to the trial court.

FRANKS, J., and WILLIAM H. INMAN, Senior Judge, concur.

FRANKS, Judge, concurring.

I have concurred in Judge McMurray's opinion which, in my view, properly applies the procedural rules to this case. I write separately, however, because I strongly believe the Rules should make court procedures simple and efficient. Rule 3, T.R.C.P. has been amended several times, yet in my view it remains complex and contains pitfalls for the unwary. It retains some of the complexities of the old common law pleadings, which the rules were designed to avoid.

In this case the defendant had ostensibly evaded service of process on numerous occasions, and the process that was ultimately served upon him was properly issued and served within thirty days of issuance, but was not returned within thirty days of issuance as Rule 3 requires to toll the statute of limitations. The problems this provision creates far outweigh any benefit it may have. It is an anomaly to say on the one hand the you have thirty days to serve process, but on the other to say process has to be returned within thirty days.

I believe the courts and litigants would be better served if Rules 3 and 4 were revised to more nearly track the Federal Rules of Civil Procedure in this regard.