IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 24, 2015 Session

# KIMBERLY URBAN v. ROBIN NICHOLS, individually and d/b/a WILLOW BROOK LODGE

**Appeal from the Circuit Court for Sevier County**
**No. 2012-0440-III    Rex Henry Ogle, Judge**

_____

No. E2014-00907-COA-R3-CV-FILED-SEPTEMBER 4, 2015

_____

This is a negligence action.  The plaintiff sustained injuries to her foot and heel while attempting to use a water slide on the defendants' property.  The plaintiff filed suit against the defendants exactly one year after her injury.  The complaint, filed against "Robin Nichols and Willow Brook Lodge," failed to include the proper name of the company, which is "Accommodations by Willow Brook Lodge, LLC."  Approximately fifteen days after filing the complaint, instead of serving Robin Nichols, the plaintiff served her son, Grant Nichols. The defendants' answer made the errors known, but the plaintiff's counsel was dilatory in filing a motion to amend.  Upon the defendants filing a motion for summary judgment claiming that the suit was barred by the statute of limitations, the trial court granted the motion.  We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court, Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and MICHAEL SWINEY, J., joined.

Travis D. McCarter, Sevierville, Tennessee, for the appellant, Kimberly Urban.

Joshua M. Ball and Mabern E. Wall, Knoxville, Tennessee, for the appellees, Robin Nichols and Willow Brook Lodge, LLC.

## OPINION

## I.  BACKGROUND

The plaintiff, Kimberly Urban, filed this negligence action after allegedly injuring her foot and heel in the swimming pool at Willow Brook Lodge ("the Lodge") on July 11, 2011.  A year to the day of the incident, Ms. Urban filed her complaint against Robin Nichols and the Lodge.  According to the complaint, when Ms. Urban attempted to use the Lodge's water slide, the water in the pool was too shallow, causing her foot to hit the bottom of the pool.  As a result,

Ms. Urban suffered a fractured calcaneus in her right foot, repair of which required multiple surgeries.

On August 27, 2012, Ms. Nichols and the Lodge (collectively "Defendants") filed an answer to Ms. Urban's complaint. In the answer, Defendants contend that "Willow Brook Lodge" is owned by "Accommodations by Willow Brook Lodge, LLC," and Ms. Nichols is not an owner. Additionally, Defendants pled insufficiency of process and insufficiency of service of process pursuant to Rules 12.02(4) and (5) of the Tennessee Rules of Civil Procedure. Defendants contend, and Ms. Urban admits, that initial service of the summons and complaint was delivered to Grant Nichols instead of the named defendant, Ms. Nichols. Since Grant Nichols is neither an agent of Ms. Nichols nor a party to the action, Defendants argue that the proper service necessary to continue the action did not occur.

According to the record, counsel for Ms. Urban contacted counsel for Defendants by letter dated November 7, 2012, requesting permission to amend the original complaint. Approximately a week later, Defendants' counsel responded via letter denying this request on the basis that the statute of limitations had expired. In the evidence before us, no further contact between the parties occurred until February 7, 2013, when Ms. Urban's counsel again contacted Defendants' counsel in an attempt to amend the original complaint. On July 22, 2013, Defendants' counsel denied this request for a second time.

Ms. Urban and her counsel did not file a motion to amend the complaint with the trial court until August 21, 2013, some 359 days after Defendants filed their original answer. In response to this motion, Defendants' counsel filed a motion for summary judgment, alleging that failure to correctly serve process on either Ms. Nichols or the Lodge required the dismissal of the action. In the reply to Defendants, Ms. Urban's counsel invoked the doctrine of equitable estoppel, alleging that Defendants' counsel engaged in deliberately deceptive conduct intended to mislead counsel for the plaintiff into violating the statute of limitations.

Following a review of the record, the trial court granted Defendants' motion for summary judgment on April 9, 2014. Ms. Urban prematurely filed a notice of appeal on May 9, 2014, at the same time she filed a motion to reconsider. The trial court treated the motion to reconsider as a motion to alter or amend and denied it on February 13, 2015. Ms. Urban's prematurely filed notice of appeal was considered filed after the filing of the trial court's February 13, 2015 order. Despite Ms. Urban's late-filed notice that no transcript or statement of the evidence would be filed, we accepted the notice in order to reach the merits of the appeal.

## II. ISSUES

We restate the issues presented in this appeal as follows:

1.  Whether the trial court erred when it granted Defendants' motion for summary judgment on the basis that Ms. Urban's counsel had failed to timely issue service of process to commence the case within the statute of limitations.

2. Whether, based on the alleged misconduct of Defendants' counsel, the doctrine of equitable estoppel applies in order to toll the statute of limitations.

## III. STANDARD OF REVIEW

This action was initiated on July 11, 2012; therefore, the dispositive summary judgment motion is governed by Tennessee Code Annotated section 20-16-101, which provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.

A trial court's decision to grant a motion for summary judgment presents a question of law, which we review de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 417 (Tenn. 1997). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

"Summary judgment is not a disfavored procedural shortcut but rather an important vehicle for concluding cases that can and should be resolved on legal issues alone." *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). When the issues presented do not justify the time and expense of a trial, summary judgment is the proper "vehicle" allowing courts to dispose of the case. *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 45 S.W.3d 588, 608 (Tenn. Ct. App. 2001).

Lastly, the appeal before this court involves the interpretation of the Tennessee Rules of Civil Procedure. "Interpretation of a rule of civil procedure presents a question of law, which we review *de novo* with no presumption of correctness." *Doyle v. Town of Oakland*, No. W2013-02078-COA-R3-CV, 2014 WL 3734971 at *3 (Tenn. Ct. App. 2014) (citing *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004). "Although the rules of civil procedure are not statutes, the same

rules of statutory construction apply in the interpretation of rules." *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009) (*see Crosslin v. Alsup*, 594 S.W.2d 379, 380 (Tenn. 1980); 1 Tenn. Juris. Rules of Court § 2 (2004)). The goal in construing rules of the court "is to ascertain and give effect to this [c]ourt's *intent* in adopting its rules." *Id*. (citing *State v. Mallard*, 40 S.W.3d 473, 480-81 (Tenn. 2001) (emphasis added). This court has a duty to enforce the rule(s) as written. *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013).

## IV. DISCUSSION

On appeal, Ms. Urban argues that the trial court erred by failing to consider that she was estopped from amending the complaint within the statutorily allowed time period. She contends that Defendants waived their claim of insufficiency of service of process both by actively participating in the case[1] and personally indicating that there was no need to correct the original complaint. In the alternative, she argues that the conduct of the defense counsel deliberately misled her into allowing the statute of limitations to run. Thus, for the reasons cited, Ms. Urban contends that she is entitled to toll the statute of limitations in order to bring her claims.

"An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved." Tenn. R. Civ. P. 3. "A statute of limitations establishes the deadline for commencing a suit." *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 46 (Tenn. 2013). "The following actions shall be commenced within one (1) year after the cause of action accrued: (1) Actions for libel, *for injuries to the person*, false imprisonment, malicious prosecution, breach of marriage promise." Tenn. Code Ann. § 28-3-104(a)(1) (emphasis added).

In the case at hand, both parties agree that Ms. Urban filed her complaint within the one-year statute of limitations afforded to actions for injuries to the person. The alleged injury occurred on July 11, 2011, and the action commenced exactly one year later with the filing of the complaint.

For issuing and serving process in order to effectuate the complaint, Rule 3 of the Tennessee Rules of Civil Procedure provides a useful timeframe:

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3. As explained by this court in *Coggins v. Holston Valley Medical Center:*

---

[1] Once the defense of insufficiency of service of process has been fairly raised, "any other participation in the lawsuit by the Defendant <u>does</u> <u>not</u> constitute a waiver." *Toler v. City of Cookeville*, 952 S. W. 2d 31, 834 (Tenn. Ct. App. 1997) (emphasis added).

the failure to immediately issue process is not fatal to a plaintiff's reliance on the filing of the complaint to toll the running of the statute of limitations. If, when the complaint is filed, no process is issued for [90] days, a litigant still has a year from the filing of the complaint to secure the issuance of process and thereby "save" the date of filing of the complaint as an act tolling the period of limitations.

*Id.*, No. E2014-00594-COA-R3-CV, 2015 WL 3657778 at *9 (Tenn. Ct. App. 2015) (quoting *Slone v. Mitchell*, 205 S.W.3d 469, 473 (Tenn. Ct. App. 2005)). However, "[i]nsufficient service of process will not suffice to toll the statute of limitations." *Procter & Gamble Cellulose Co. v. Viskozza-Loznica*, 33 F.Supp. 2d 644, 667 (W.D. Tenn. 1998) (citing *First Tenn. Bank v. Dougherty*, 963 S.W. 2d 507, 508 (Tenn. Ct. App. 1997)).

According to the undisputed facts in this case, the complaint, which named both Robin Nichols and Willow Brook Lodge, was served in person on July 26, 2012, to Ms. Nichols' son at the Lodge. An answer was filed with the court on August 27, 2012. In the answer, Defendants raised two issues with the service of process: (1) no company called Willow Brook Lodge exists; rather, the correct name on the complaint should be Accommodations by Willow Brook Lodge, LLC; and (2) the summons and complaint were not personally delivered upon Robin Nichols, but rather to her son, Grant. Defendants argue that this does not amount to effective service of process.

Under Tennessee's Rules of Civil Procedure, service upon defendants within the state shall be made "by delivering a copy of the summons and of the complaint to the individual personally . . . ." Tenn. R. Civ. P. 4.04(1). When serving a limited liability corporation, service shall be made by delivering a copy of the summons and complaint "to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the . . . association." Tenn. R. Civ. P. 4.04(3).

In reviewing the record, we find nothing indicating that Grant Nichols was purported as an officer, partner, or agent of either Ms. Nichols or the Lodge. Despite his acceptance of the service, "[t]he bare fact that an alleged agent actually accepts process for the defendant is not enough to constitute valid service of process. There must be evidence that the defendant intended to confer upon its agent the specific authority to receive and accept service of process for the defendant." *Arthur v. Litton Loan Servicing LP*, 249 F.Supp.2d 924, 929 (E.D. Tenn. 2002). Even "[a] defendant's actual knowledge of a lawsuit is no substitute for proper service of process." *Id*. at 927. Service of process which does not meet the requirements of the rule is void, and a judgment based on void service of process is a void judgment." *Overby v. Overby*, 457 S.W. 2d 851, 852 (Tenn. 1970).

The record indicates that after Defendants filed their answer on August 27, 2012, no communication occurred between the parties until November 7, 2012. On that date, counsel for Ms. Urban sent a letter to Defendants' counsel requesting permission to amend the original complaint in order to include the correct name of the Lodge and drop the original action against Ms. Nichols. This request was sent about 116 days after the issuance of the original process.

Defense counsel replied on November 15, 2012, with a letter rejecting Ms. Urban's request to amend.

According to Rule 15.01 of the Tennessee Rules of civil Procedure, a party may freely amend its pleadings in two situations: (1) before a responsive pleading is served; or (2) at any time within 15 days after it is served. Tenn. R. Civ. P. 15.01. "Otherwise, a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires." *Id*. Because the November 7, 2012, letter fell well outside the time allowed to freely amend the complaint, Ms. Urban required either the consent of Defendants' counsel or aid from the court in order to accomplish an amendment.

Generally speaking, "Tennessee law and policy have always favored permitting litigants to amend their pleadings to enable disputes to be resolved on their merits rather than on legal technicalities." *Hardcastle v. Harris*, 170 S.W.3d 67, 80 (Tenn. Ct. App. 2004) (internal citations omitted). Upon receipt of the November 15th letter, counsel for Ms. Urban should have turned his request to amend the complaint toward the court. By attaching a copy of the proposed amendment to a motion filed with the court, it becomes "part of the record at that time, regardless of what action the trial court takes or fails to take on it." *Jones v. Professional Motorcycle Escort Service, L.L.C.*, 193 S.W.3d 564, 573 (Tenn. 2006) (quoting *Taylor v. Nashville Banner Publ'g Co.*, 573 S.W.2d 476, 484 (Tenn. Ct. App. 1978)).

Instead, counsel for Ms. Urban waited until February 7, 2013, to again contact counsel for the Defendants. In that letter, Ms. Urban's counsel again requested that defense counsel accept the amended complaint. On July 22, 2013, defense counsel again rejected this request. On August 21, 2013, over 13 months after filing the original action, Ms. Urban filed a motion to amend the complaint with the trial court. At no time does the record indicate that Ms. Urban's counsel attempted to properly file service of process on the correct party to the action. Because Ms. Urban did not properly serve Defendants before July 11, 2013, no choice was left to the trial court but to dismiss the claim.

In an effort to avoid dismissal of the action, Ms. Urban contends on appeal that she was estopped from compliance by defense counsel. She alleges that defense counsel "engaged in a pattern of conduct deliberately designed to mislead" her counsel into failing to amend the complaint in a timely manner. According to her brief, this alleged conduct amounted to equitable estoppel, and it should serve to toll the statute of limitations on her claim.

"The doctrine of equitable estoppel may be applied to prevent a defendant who has actively induced a plaintiff to delay filing suit from asserting a statute of limitations defense." *Hardcastle*, 170 S.W.3d at 84 (citing *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 145 (Tenn. 2001)). "The party invoking the doctrine of equitable estoppel bears the burden of proof." *Id*. The focus of a claim for equitable estoppel is on the defendant's conduct and the reasonableness of the plaintiff's reliance on that conduct." *Id*. (citing *Fahrner*, 48 S.W.3d at 146). However, "[s]tatutes of limitations are favored because they promote the timely pursuit of legal rights by suppressing stale claims." *Id*. (citing *Brown v. Hipshire*, 553 S.W.2d 570, 571 (Tenn. 1977)).

In order for an equitable estoppel claim to prevail, plaintiffs "must have acted diligently in pursuing their claims both before and after the defendant induced them." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 461 (Tenn. 2012). "Plaintiffs must also demonstrate that their delay . . . was not attributable to their own lack of diligence." *Hardcastle*, 170 S.W.3d at 85.

Upon our review, we conclude that Ms. Urban's claim for equitable estoppel is wholly without merit. As the record clearly indicates, Ms. Urban's counsel sent a letter to Defendants' counsel on November 7, 2012, requesting that it accept the proposed amended complaint. After Defendants' November 15th reply denied this request, Ms. Urban's counsel waited until February 7, 2013, to send *any* further communication. This 84-day delay in communication is certainly not the type of "diligent pursuit of a claim" required to bring a claim for equitable estoppel. At this point in the litigation, counsel for Ms. Urban had ample opportunity to seek leave to amend the complaint with the trial court, where proposed amendments are accepted "freely when justice so requires." Tenn. R. Civ. P. § 15. Instead, counsel waited until adverse counsel filed a reply - 165 days later - denying the request a second time before taking any further action.

To make matters worse, Ms. Urban's counsel now alleges that counsel for the Defendants explicitly told him that proper service would not be necessary. First, it is inconceivable that Defendants' counsel would raise the issue of insufficiency of service of process in the initial answer if Defendants' later intended to waive that issue altogether. Second, Ms. Urban's counsel, who bears the burden of proof, has not provided this court with a single shred of evidence that such a conversation ever occurred. Therefore, we find that counsel for Ms. Urban has not met the burden of proof required to establish equitable estoppel.

## V. CONCLUSION

The judgment of the trial court is affirmed and the case remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to the appellant, Kimberly Urban.

_____
JOHN W. McCLARTY, JUDGE