IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 27, 2017 Session

## PAMELA MOSES v. SHELBY COUNTY SHERIFF BILL OLDHAM, ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-14-1316    J. Weber McCraw, Judge**

_____

### No. W2016-01171-COA-R3-CV

_____

Appellant appeals the dismissal of her action based on the expiration of the applicable statute of limitations and non-compliance with Rule 3 of the Tennessee Rules of Civil Procedure. Appellant also appeals the trial court's denial of a motion to recuse. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which W. NEAL MCBRAYER, and BRANDON O. GIBSON, JJ., joined.

Pamela Moses, Memphis, Tennessee, Pro Se.

John Marshall Jones, Memphis, Tennessee, for the appellees, Shelby County Sheriff, Bill Oldham & Officers and Shelby County Homeland Security.

S. Newton Anderson and Cameron M. Watson, Memphis, Tennessee, for the appellees, AlliedBarton Security Services, LLC.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

On September 2, 2014, Plaintiff/Appellant Pamela Moses filed her original petition ("initial petition" or "original petition") for a temporary restraining order and injunctive relief against Shelby County Sheriff Bill Oldham & Officers, Shelby County Homeland Security (together with Sheriff Oldham & Officers, "Shelby County Defendants"), and AlliedBarton Security Services LLC ("AlliedBarton," or, together with the Shelby County Defendants, "Appellees") in the Shelby County Chancery Court ("trial court"). Thereafter, Ms. Moses removed the case to the U.S. District Court for the Western District of Tennessee ("district court") on September 15, 2014. However, on March 2, 2015, the district court remanded the matter back to the trial court because "[r]emoval is available only to defendants[.]" On August 28, 2015, Ms. Moses filed a supplemental petition.

On September 23, 2015, the Shelby County Defendants made a special appearance to assert that they had not been served with process and filed a motion to dismiss both the original and supplemental petitions. The Shelby County Defendants supported their motion to dismiss with an affidavit from Alissa Holt, the manager of the Office of the Chancery Court Clerk. According to Ms. Holt's affidavit:

> 5. [Ms.] Moses filed her [initial petition] on September 2, 2014.
> 6. With respect to [Ms. Moses's] original Petition, no request for the issuance of service of process for "Shelby County Sheriff Bill Oldham & Officers" has been made to the Clerk and Master during the period from September 2, 2014 (the date of the filing of the original Petition) through September 9, 2015, the date I reviewed the file. Therefore, only with respect to [Ms. Moses's] original Petition, no Summons for "Shelby County Sheriff Bill Oldham & Officers" has been issued by the Clerk and Master during the time this case has been pending.
> 7. With respect to [Ms. Moses's] original Petition, no request for the issuance of service of process for "Shelby County Homeland Security" has been made to the Clerk and Master during the period from September 2, 2014 (the date of the filing of the original Petition) through September 9, 2015, the date I reviewed the file. Therefore, only with respect to [Ms. Moses's] original Petition, no Summons for "Shelby County Homeland Security" has been issued by the Clerk and Master during the time this case has been pending.

Thus, Ms. Holt stated that no summons had been issued to any of the Shelby County Defendants within one year of the filing of Ms. Moses's initial petition.

Similarly, on October 19, 2015, AlliedBarton made a special appearance to assert that it had not been served with process. AlliedBarton subsequently filed a motion to

dismiss the original and supplemental petitions on November 17, 2015. The motion was accompanied by another affidavit from Ms. Holt, which stated that "[w]ith respect to the petitioner's original petition filed September 2, 2014, the only summons issued to AlliedBarton [] was filed and issued on September 24, 2015[.]"

On October 15, 2015, the trial court entered an order denying Ms. Moses's request for injunctive relief "for her alleged denial of reasonable access to the courts and other buildings as well as her alleged harassment by various law enforcement agencies and its agents in public buildings as well as in other public places." The trial court noted that the allegations raised by Ms. Moses involved events that occurred over a year prior and therefore Ms. Moses did not show any irreparable harm at the present time.

Thereafter, on November 25, 2015, Ms. Moses filed a motion to disqualify the trial judge based on his knowledge as the presiding judge over a prior criminal court case against her; the trial court promptly denied her motion by written order on December 3, 2015, finding that Ms. Moses failed to raise any extrajudicial bias sufficient to warrant recusal.

After a hearing on May 13, 2016, the trial court entered an order on the same day dismissing both Ms. Moses's original and supplemental petitions.[2]  Therein, the trial court found that Ms. Moses's petition was not accompanied by any summons as required by the Tennessee Rules of Civil Procedure at the time of filing or within one year of the filing of the original petition.  As a result, the trial court found that Ms. Moses's claims in her original petition were time-barred.  The trial court also rejected the following arguments made by Ms. Moses: (1) that the limitations period should have been tolled because Ms. Moses removed the petition to district court; (2) that Ms. Moses should be allowed to proceed on the supplemental petition despite the fact that Ms. Moses did not obtain leave of court to file such pleading; and (3) that estoppel should apply for excusable neglect.  Ms. Moses filed a timely notice of appeal to this Court.

## Issues Presented

Ms. Moses raises six issues in her appellate brief. In our view, however, there are two central issues to this case:

1.  Whether the trial court erred in denying Ms. Moses's motion to recuse.
2.  Whether the trial court erred in granting Appellees' motion to dismiss based upon Rule 3 and the applicable statute of limitations.

## Discussion

---

[2] The record does not contain a transcript from the hearing.

At the outset, we note that Ms. Moses appears before this Court pro se. We recognize and appreciate Ms. Moses's right to appear before this Court self-represented. The law is well-settled in Tennessee, however, that pro se litigants must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted)). We keep these principles in mind in considering this appeal.[3]

## I.

The Tennessee Code of Judicial Conduct is contained in Rule 10 of the Tennessee Supreme Court Rules ("Code of Judicial Conduct"). *See* Tenn. Sup. Ct. R. 10. Canon 2.11 of the Code of Judicial Conduct provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Tenn. Sup. Ct. R. 10, Canon 2.11(A). It is well-settled that "'[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right.'" *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Article VI, Section 11 of the Tennessee Constitution, Tennessee Code Annotated section 17-2-101, and the Code of Judicial Conduct prohibit a judge from presiding over a matter in which the judge has an interest in the outcome or where the judge is connected to either party. The purpose of the prohibition is to "guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court [] reached a prejudged conclusion because of interest, partiality, or favor." *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002) (citation omitted). Additionally, we have emphasized that "the preservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228

---

[3] Ms. Moses's brief contains no references to the appellate record, in clear violation of Rule 27(a) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee. Despite this deficiency, we proceed to consider the merits of this appeal.

(Tenn. Ct. App. 1998) (citations omitted). Accordingly, even in cases wherein a judge sincerely believes that he can preside over a matter fairly and impartially, the judge nevertheless should recuse himself in cases where a reasonable person "'in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564–65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). It is an objective test designed to avoid actual bias and the appearance of bias, "since the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Davis*, 38 S.W.3d at 565 (citation omitted).

Pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, a litigant is entitled to seek disqualification of a trial judge by filing a motion that: (1) is supported by an affidavit under oath or a declaration under penalty of perjury by personal knowledge or by other appropriate materials; (2) states, with specificity, all factual and legal grounds supporting disqualification of the judge; and (3) affirmatively states that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Tenn. Sup. Ct. R. 10B, § 1.01.

Upon the filing of such motion, "the judge whose recusal is sought shall either grant or deny the motion in writing." *Watson v. City of Jackson*, 448 S.W.3d 919, 927 (Tenn. Ct. App. 2014). If the motion is denied, the judge shall state in writing the grounds for the denial. Tenn. Sup. Ct. R. 10B, § 1.03. Here, Ms. Moses filed a motion on November 25, 2015 to disqualify the trial court. Therein, Ms. Moses alleged that the trial judge had personal knowledge of Ms. Moses "because he acted as the presiding judge" in a criminal proceeding involving Ms. Moses that relates to the case-at-bar. Ms. Moses noted that while she had pleaded guilty in the criminal proceeding, "unbeknownst to [the trial judge], the guilty plea was coerced[.]" Pursuant to the mandates of Rule 10B, Ms. Moses accompanied her motion with an affidavit. The motion did not, however, state that it was not being filed for an improper purpose, as required by Rule 10B, section 1.01.

Nevertheless, this Court has thoroughly reviewed Ms. Moses's motion and the record in this case, and we conclude that the trial judge did not err in denying the motion to recuse. In denying the motion, the trial judge made the following findings:

> It appears that the [Ms. Moses's] primary concern is this Judge has personal knowledge of the petitioner because this Judge was the Special Judge in a Shelby County Criminal Court matter, In this criminal proceeding, this Judge accepted a plea of guilty by [Ms. Moses] to several charges brought against the petitioner. Through the criminal proceedings this Judge became acquainted with the petitioner and her legal issues. The petitioner sought to set aside her plea of guilty and this Judge denied her request. The reasons for the denial were fully stated on the record.

In addition, in this cause, this Judge previously denied a request for injunctive relief and denied [Ms. Moses's] request for the Shelby County Sheriff's Department to have no contact with her while she was in the courthouse conducting her business. In support of this Court's ruling, the Court found that the petitioner could not establish any irreparable harm caused to her by law enforcement's presence.

This Judge has no bias, prejudice or acrimonious relationship toward [Ms. Moses] and is only familiar with [Ms. Moses] because of assignments by the Supreme Court of this State. The familiarity of [Ms.] Moses from prior assignments and adverse rulings against the petitioner when such rulings are supported by the law do not create a conflict of interest or any appearance of impropriety.

As noted by both the trial court and Appellees, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley*, 882 S.W.2d at 821. Rather, "[t]o disqualify, prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id.* (quoting *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. Ct. App. 1990)). As we recently explained:

A trial judge is not completely insulated from a recusal motion, however, where it holds a bias that originated during the course of the proceedings. Rather, "[i]f the bias is alleged to stem from events occur[r]ing in the course of the litigation . . . , the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *Runyon v. Runyon*, No. W2013-02651-COA-T10B-CV, 2014 WL 1285729, at *6 (Tenn. Ct. App. Mar. 31, 2014) (no perm. app. filed) (quoting *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014) (no perm. app. filed)). This Court has described a "pervasive" bias as one that "reflect[s] an utter incapacity to be fair." *Groves*, 2016 WL 5181687, at *5. As such, "[j]udicial expressions of impatience, dissatisfaction, annoyance, and even anger towards counsel, the parties, or the case, will not ordinarily support a finding of bias or prejudice unless they indicate partiality on the merits of the case." *Id.* (citing *Alley*, 882 S.W.2d at 822).

*Clemmons v. Nesmith*, No. M2016-01971-COA-T10B-CV, 2017 WL 480705, at *12 (Tenn. Ct. App. Feb. 6, 2017), *perm. app. denied* (Tenn. Mar. 9, 2017).

Here, Ms. Moses has failed to show any bias on the part of the trial court that would necessitate recusal in this case. Nothing in the record indicates that the trial judge's decision to dismiss Ms. Moses's lawsuit resulted from anything other than the

trial court's application of the law as he saw it to the facts of this case. The simple fact that the trial judge presided over another case involving Ms. Moses is insufficient to support recusal. *See* ***State v. Reid***, 213 S.W.3d 792, 815 (Tenn.2006) ("A trial judge is not disqualified because that judge has previously presided over legal proceedings involving the same defendant."). Furthermore, we have held repeatedly that prior adverse rulings against a party, "even if erroneous, numerous and continuous," may not be sufficient to necessitate recusal. ***Alley***, 882 S.W.2d at 821. As such, we affirm the trial court's decision to deny Ms. Moses's motion to recuse.

## II.

Ms. Moses next asserts that the trial court erred in dismissing her petition for failure to comply with Rule 3 of the Tennessee Rules of Civil Procedure, which resulted in her petition being filed outside the statute of limitations. Ms. Moses argues that the trial court incorrectly concluded that she did not comply with applicable rules or, in the alternative, that her failure should be excused based on excusable neglect.

Here, the Appellees' filed a motion to dismiss Ms. Moses's claims based upon the expiration of the statute of limitations. Both motions were supported by affidavits from Ms. Holt, the manager of the Chancery Court Clerk's office. The expiration of the statute of limitations may properly be raised in a motion to dismiss for failure to state a claim upon which relief can be granted. *See* ***Young ex rel. Young v. Kennedy***, 429 S.W.3d 536, 549 (Tenn. Ct. App. 2013) (citing Tenn. R. Civ. P. 12.02(6)). Rule 12.02, however, states that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion.

Tenn. R. Civ. P. 12.02. In her appellate brief, Ms. Moses does not argue that she was not given sufficient time to respond to Appellees' motions. Accordingly, we will consider this issue under the standard applicable to motions for summary judgment.

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. On appeal, this Court reviews a trial court's grant of summary judgment *de novo* with no presumption of correctness. ***Rye v. Women's Care Ctr. of Memphis, MPLLC***, 477 S.W.3d 235, 250 (Tenn. 2015) (citing ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997)), *cert. denied*, 136 S. Ct. 2452, 195 L. Ed. 2d 265 (2016). In reviewing the

trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). When a moving party has filed a properly supported motion for summary judgment, the nonmoving party must respond by pointing to evidence that shows summary judgment is inappropriate. *Rye*, 477 S.W.3d at 264–65.

We begin first with the applicable statute of limitations. Here, Ms. Moses does not dispute that her claims involve personal torts and/or civil rights claims. Accordingly, they are governed by a one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1) (providing a one year statute of limitations for claim involving "injuries to the person" and "civil actions for . . . damages . . . brought under federal civil rights statutes"). There is also no dispute that Ms. Moses's initial petition was filed within the applicable statute of limitations. Rather, Appellees argue that notwithstanding the timely filing of Ms. Moses's initial petition, Ms. Moses cannot now rely on that filing to toll the statute of limitation because process was not issued within one year of the filing.

In order to resolve this issue, we first look to the plain language of Rule 3 of the Tennessee Rules of Civil Procedure. *See generally Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012) (outlining "the familiar rules of statutory construction" and directing courts to look to the plain language of a statute and construe its words consistent with their natural and ordinary meaning). Rule 3 reads:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Thus, Rule 3 contemplates two situations related to unserved summonses with regard to tolling the statute of limitations. First, where a summons is issued, but not served within ninety days of issuance, the plaintiff must obtain new process within one year of the issuance of the previous process. Where, however, no summons was issued within ninety days of the filing of the complaint, the plaintiff must obtain issuance of process within

one year of the filing of the complaint. In either situation, the onus is placed upon the plaintiff to "obtain[] issuance of process[.]" If the plaintiff fails to comply with Rule 3, the statute of limitations is not tolled by the "original commencement."

Here, Ms. Holt's affidavit shows that no summons was issued to Appellees within ninety days of the filing of Ms. Moses's initial petition. Ms. Moses has offered no evidence to dispute Ms. Holt's statements, and we therefore accept them for purposes of summary judgment. Rather than obtain issuance of a summons, it appears that Ms. Moses instead chose to remove her action to federal court a mere thirteen days after the initial petition was filed; the case was later remanded back to state court as improperly removed. In order to comply with Rule 3, however, Ms. Moses was required to obtain issuance of process within one year of the filing of her initial complaint. Again, based upon the affidavits of Ms. Holt, there can be no dispute that Ms. Moses did not obtain issuance of a summons within one year of the filing of her initial petition. The facts in this case are therefore highly analogous to the situation presented in *First Tennessee Bank, N.A. v. Dougherty*, 963 S.W.2d 507 (Tenn. Ct. App. 1997). In *Dougherty*, the plaintiff timely filed its complaint and obtained issuance of several summonses. *Id.* at 507–08. The summonses, however, were not served within the time allowed, and the plaintiff did not obtain the issuance of a new summons within the times provided by Rule 3 in effect at the time.[4] As such, the Court held that the plaintiff was unable to rely on the original commencement of the action to toll the statute of limitations. *Id.* at 508. The

---

[4] *Dougherty* was decided under a different version of Rule 3 allowing plaintiffs only thirty days to serve their summonses. The version of Rule 3 applicable in *Dougherty* provided:

> **Rule 3. Commencement of Action**. All civil actions are commenced by filing a complaint and summons with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or is not served or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff either;
> (1) Continues the action by obtaining issuance of new process within 6 months from issuance of the previous process or, if no process issued, within 6 months from the filing of the complaint or summons, or
> (2) Recommences the action within 1 year from the issuance of the original process, or if no process issued, within 1 year from the filing of the original complaint and summons.

*Dougherty*, 963 S.W.2d at 508 (citing Tenn. R. Civ. P. 3 (1997)). Other provisions of Rule 3, such as the requirement to return service, are likewise no longer applicable. *See Fair v. Cochran*, 418 S.W.3d 542, 546–47 (Tenn. 2013) (holding that the failure to return proof of service of a summons does not preclude the plaintiff's ability to rely on the commencement date of suit to toll the statute of limitations). Although the time limits and other portions of Rule 3 have changed, the rule expressed in *Dougherty* regarding the effect of non-compliance with Rule 3 is equally applicable in this particular case.

same is true in this case. No process was issued within ninety days of the filing of Ms. Moses's petition as required by Rule 3. Because no process was thereafter issued within one year of the commencement of this action, Ms. Moses cannot rely on her initial petition to toll the applicable statute of limitations.

Ms. Moses has proffered several arguments to excuse her failure. First, she asserts that it was the clerk's responsibility to issue a summons pursuant to Rule 4 of the Rules of the Tennessee Supreme Court. Rule 4.01 indeed states: "Upon the filing of the complaint, the clerk of the court shall promptly issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process." The **Dougherty** Court, however, rejected a similar argument, stating:

> We are of the opinion that Rules 3 and 4 address differing concepts and are not inconsistent in any way. Rule 3 is directed toward commencement of actions; when the commencement tolls the statute of limitations; and the circumstances under which the plaintiff may prevent the statute of limitations from running. The provisions of Rule 3 are clear and unambiguous. Giving the words their natural meaning, if process is not returned within [the time prescribed by Rule 3], *regardless of the reason* the plaintiff *cannot rely upon the original commencement to toll the running of the statute of limitations* [unless one of the exceptions expressly stated in Rule 3 is met].

**Dougherty**, 963 S.W.2d at 509. Thus, "regardless of the reason" that process is unserved or unissued "'the plaintiff cannot sit idly by when confronted with such a situation.'" **Id.** (quoting **Adams v. Carter County Mem. Hosp.**, 548 S.W.2d 307, 309 (Tenn.1977)). Rather, the plaintiff must "'must apply for and obtain issuance of new process'" to toll the applicable statute of limitations. **Dougherty**, 963 S.W.2d at 509 (quoting **Adams**, 548 S.W.2d at 309). As such, Rule 3 places the duty on Ms. Moses, rather than the clerk, to obtain issuance of process to toll the statute of limitations.

Ms. Moses also appears to argue that the statute of limitations on her claims should be tolled while her petition was removed to federal court. Relatedly, Ms. Moses argues that this Court should allow her claim because of "extraordinary circumstances." Respectfully, we cannot agree. First, we note that Rule 3 clearly states that it is applicable "regardless of the reason" that service was not timely issued or served. Tenn. R. Civ. P. 3. Indeed, this Court has previously held that the only exceptions to Rule 3's requirements are stated therein. *See* **Dougherty**, 963 S.W.2d at 508. Other than a citation to Rule 4 of the Federal Rules of Civil Procedure, Ms. Moses cites no law, federal or otherwise, that supports an argument that the plain language of Rule 3 of the Tennessee Rules of Civil Procedure should not apply in this circumstance. The Tennessee Supreme Court has noted that "[c]ourts have routinely held that the failure . . . to cite relevant

authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." ***Bean v. Bean***, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2009) (citing cases). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010). Finally, we note that it was Ms. Moses's own actions that removed her case to federal court; indeed, the federal court remanded the action to state court because Ms. Moses's removal was improper. *See generally* ***In re Mortg. Elec. Registration Sys., Inc.***, 680 F.3d 849, 853 (6th Cir. 2012) (holding that only defendants may remove actions to federal court). Given that Ms. Moses has cited no law in support of her argument, we conclude that the removal to federal court did not result in "extraordinary circumstances" that would allow Ms. Moses to avoid the plain language of Rule 3.

Finally, Ms. Moses argues that the statute of limitations should be tolled because she issued and served process on Appellees with regard to her supplemental petition. As an initial matter, we note that despite a thorough review of the record, we were unable to find any summons issued on Ms. Moses's supplemental petition. Still, Appellees do not assert that no summons was issued or served with regard to Ms. Moses's supplemental petition.[5] Rather, Appellees argue that Ms. Moses was not permitted to file a supplemental petition in this case and that, accordingly, service thereupon does not serve to correct Ms. Moses's initial failure to issue and serve a summons on her initial petition. We agree.

Pursuant to Rule 15.04 of the Tennessee Rules of Civil Procedure:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Thus, while parties may generally file amended complaints or amendments to their complaint any time before a responsive pleading is filed, parties must obtain permission from the trial court to file pleadings seeking to set forth facts regarding "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Tenn. R. Civ. P. 15.04. ***But see*** Tenn. R. Civ. P. 15.01 ("A party may amend the party's pleadings once as a matter of course at any time before a responsive

---

[5] Ms. Holt's affidavit is limited only to Ms. Moses's initial petition.

pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served.").

Here, Ms. Moses's supplemental pleading alleged occurrences that took place no earlier than 2015. Because her initial petition was filed in 2014, Ms. Moses's supplemental petition seeks to include facts concerning events occurring after the filing of her initial petition. Rule 15.04 is therefore clearly applicable and requires that Ms. Moses obtain the trial court's permission to file her supplemental pleading. Again, Ms. Moses cites no authority to support an argument that the requirements of Rule 15.04 may be waived in this situation or that the filing of this supplemental pleading is sufficient to correct Ms. Moses's failure to issue a timely summons on her initial petition as required by Rule 3. *C.f. **Ballard v. Ardenhani***, 901 S.W.2d 369, 371 (Tenn. Ct. App. 1995) (holding that the filing of an amended complaint and its service upon defendant's counsel was insufficient to bring the plaintiff into compliance with Rule 3 when no summons was timely served as to the original complaint). As such, we again decline to hold that Ms. Moses' improper filing of a supplemental petition is sufficient to bring her into compliance with Rule 3.

Based on the foregoing, we affirm the trial court's ruling that Ms. Moses's failed to issue summons on her initial petition within one year of the commencement of her action. Ms. Moses's initial petition therefore did not toll the applicable statute of limitations, and the trial court did not err in dismissing her initial petition based upon the expiration of the statute of limitations. The judgment of the Shelby County Chancery Court is therefore affirmed, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Pamela Moses, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE